Charles BRAXTON, Relator,

v.

The Honorable David A. DUNN, Judge, 163rd District Court, Orange County, Respondent.

No. 71039.

Court of Criminal Appeals of Texas, En Banc.

Feb. 13, 1991.

Charles Braxton, pro se.

David A. Dunn, Orange, pro se.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

BAIRD, Judge.

This is an original application for writ of mandamus. Relator, an inmate in a Louisiana correctional facility, seeks to have this Court issue a writ of mandamus directing Respondent to either set for trial or dismiss two pending indictments. We will deny the requested relief.

The facts of this case are not in dispute. On May 8, 1985, Relator was indicted for the offense of unlawful possession of a firearm by a felon. On October 9, 1985, Relator was indicted for another felony offense, bail jumping. Both indictments are pending in Respondent's court.

On September 2, 1986, Relator received a ten (10) year sentence in the State of Louisiana following his conviction for the offense of manslaughter. Relator's projected discharge date on the Louisiana sentence is July 15, 1991.

On May 9, 1988, the Sheriff of Orange County, Texas placed a detainer against Relator with Louisiana correctional officials. The detainer concerns the two pending indictments in Respondent's court. In response to the detainer, Relator filed a motion with Respondent seeking either a speedy trial on the indictments, or, to have the indictments dismissed. Respondent has taken no action on Relator's motion.

On November 27, 1989, Relator petitioned this Court for a writ of mandamus ordering Respondent to provide Relator with either a speedy trial on, or a dismissal of, the indictments. On December 6, 1989, we ordered Respondent to respond to Relator's allegations concerning the denial of a speedy trial. In his response, received on December 19, 1989, Respondent stated:

> Applications for requisition of Charles Ray Braxton addressed to the Governor of the State of Texas were filed in both cause number B850310 and cause number B850175 on June 28, 1988.

> The most recent communication by telephone indicated that Mr. Braxton's projected discharge date is now July 15, 1991 and that he will be taken before a judge to waive extradition 45 days before that date. On this occasion and on earlier occasions the Louisiana authorities stated that Mr. Braxton would not be released before his discharge date.

The requisitions were signed by then-Governor Clements and forwarded to the Governor of Louisiana on July 13, 1988. As Relator has been incarcerated on the Louisiana manslaughter conviction since September 2, 1986, and the requisitions were not signed by Governor Clements until July 13, 1988, it is clear that Relator's confinement in Louisiana is due to the man-

slaughter conviction and not the extradition proceedings instituted by Texas.

■ From the record before us, we find that the Respondent, the prosecuting attorney and the Governor of Texas have done everything within their power(s) to have Relator returned to Texas. In short, the authorities in Texas have made a diligent, good faith effort to bring Relator to trial, and have, at this time, discharged their constitutional duty to provide Relator with a speedy trial as guaranteed under the Sixth and Fourteenth Amendments. *Smith v. Hooey*, 393 U.S. 374, 383, 89 S.Ct. 575, 579, 21 L.Ed.2d 607 (1969).

Normally, this situation could be handled under the Interstate Agreement on Detainers Act. See Tex.Code Crim.Proc.Ann. art. 51.14. However, Louisiana is not a signatory to that Act.

■ This Court has jurisdiction to issue writs of mandamus pursuant to Tex. Const. art. V, § 5. In order for mandamus to issue, the party seeking mandamus must show that there is no other adequate remedy available and that the act sought to be compelled is a ministerial act. *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421 (Tex.Cr. App.1990); *Stearnes v. Clinton*, 780 S.W.2d 216 (Tex.Cr.App.1989). Mandamus is not available to compel a discretionary act as distinguished from a ministerial act. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896 (Tex.Cr.App.1984). Mandamus will issue where there is but one proper order to be entered. *State ex rel. Curry v. Gray*, 726 S.W.2d 125 (Tex.Cr.App.1987).

In *Chapman v. Evans*, 744 S.W.2d 133 (Tex.Cr.App.1988), a *Texas* inmate brought a mandamus action to compel the trial judge to either set for trial or dismiss a pending indictment for an offense unrelated to the offense for which he was incarcerated. After weighing the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), this Court concluded the inmate was being denied his right to a speedy trial. Based on such conclusion, it was assumed the trial judge would set the outstanding case for trial within thirty days of the opinion, and, should he fail to do so, a writ

of mandamus would issue. It was further stated that should the trial court grant a motion to dismiss the indictment filed by the prosecutor, together with the withdrawal of the detainer, the cause would become moot.

As noted at the outset, Relator seeks to have this Court issue a writ of mandamus directing Respondent to dismiss the pending Orange County charges. Our statues prescribe two circumstances under which a dismissal may be secured. In *State v. Eaves*, 800 S.W.2d 220 (Tex.Cr.App.1990), this Court stated the following with respect to the circumstances under which a dismissal may be sought:

"... Our statutes have consistently provided only two situations in which dismissals are specifically authorized: Article 32.01, where defendant is detained in custody or held to bail the *prosecution* may be dismissed if indictment or information is not presented at the next term of court thereafter; Article 32.02, where prosecuting attorney may, by permission of the trial court, dismiss a *criminal action* upon filing among the papers in the case a written statement giving reasons for such dismissal." (Emphasis in original.)

*Id.* at 223.

Neither of the above-mentioned circumstances are present in this cause.

■ In *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), the State of Florida returned the petitioner to Florida, tried, and convicted him after a lapse of almost eight years during which he repeatedly demanded a trial. *Id.* at 37, 90 S.Ct. at 1568. In *Dickey*, no valid reason existed for the delay, "it was exclusively for the convenience of the State." *Id.* at 38, 90 S.Ct. at 1569. The instant cause is distinguishable from *Dickey;* a valid reason for the delay *does* exist in that the Louisiana authorities will not release Relator. Further, there is no showing that the delay is for the convenience of the State as the State has made a diligent, good faith effort to bring Relator to trial. Therefore, to order the Respondent to dismiss the

indictments in this cause, at this time, without any affirmative showing by Relator of how the delay prejudiced him, and without affording the State an opportunity to respond to Relator's contentions would be patently unfair. See, cf. *Dickey* at 38, 90 S.Ct. at 1569, where the record reflected "abundant evidence of actual prejudice."

Therefore, under these circumstances, Respondent has no ministerial duty to dismiss the pending indictments.

 We likewise find the Respondent does not have a ministerial duty to set the cases for trial while Relator is incarcerated in the State of Louisiana. It is clear that Relator will not be released by the Louisiana authorities until his discharge date. Our law provides that: "In all prosecutions for felonies, the defendant must be personally present at the trial." Tex.Code Crim. Proc.Ann. art. 33.03. This Court will not grant mandamus relief to compel the performance of a useless or meaningless duty. Setting the instant causes for trial, prior to Relator's release by Louisiana authorities, would not further resolution of the charges due to the unavailability of Relator to attend such trial.

The relief sought is denied.