Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IN RE:                                                                )                  No. 08-05-00409-CV
)
METRO ROI, INC. and                                       )                 AN ORIGINAL PROCEEDING
SIERRA MEDICAL CENTER,                          )                  
)IN MANDAMUS
                                    Relators.                           )


O P I N I O N

            This is a case of first impression arising from a dispute over the cost to produce medical
records for discovery. Relators Metro ROI, Inc. and Sierra Medical Center seek a writ of mandamus
directing the Honorable William Moody, Judge of the 34th District Court of El Paso County
(Respondent), to withdraw a discovery order requiring Metro to produce, copy, and release certain
medical records for a fee substantially less than that established by Section 241.154 of the Texas
Health and Safety Code. We conditionally grant relief.
FACTUAL SUMMARY
            Rafael Martinez filed suit for personal injuries he suffered at his work place. He was
apparently treated at Sierra but neither Sierra nor Metro are parties to the suit. Martinez noticed
Sierra’s custodian of medical records to personally appear at his attorney’s office to be deposed by
written questions and to produce his original medical records. Metro acts as Sierra’s agent and
contracts with Sierra to provide in-house copying services for medical records. 
            One of the deposition “questions” required the records custodian to deliver the original
records to the notary for photocopying. Metro located the medical records, consisting of 539 pages
of both electronic files and hard copies, and sent a request to counsel for prepayment of the copying
costs. Based on the fee schedule established by Section 241.154, it sought $711.60 as costs.


 When
counsel did not pay for the medical records, Sierra and Metro filed a motion to quash and sought a
protective order. The motion was supported by the affidavit of the medical records custodian who
averred that personally appearing with the records would not only be inconvenient but would
seriously detract from his ability to perform his duties because it would require him to be out of his
office for several hours. 
            Martinez responded that he should not have to pay any fees. Because he had subpoenaed the
original documents and had not requested copies, he argued that Section 241.154 did not apply. He
also relied on two exceptions within subsection (d) of the statute. He did not contend that the fee
charged by the hospital was unreasonable, nor did he ask the court to set a reasonable fee.
            Respondent conducted a hearing, but there is no record since testimony was not offered. 
Respondent determined that having the custodian personally appear with the original records was
unduly burdensome, quashed the personal appearance of the custodian, and granted the protective
order. He concluded that Section 241.154 was inapplicable and does not govern the copying or
production of documents requested pursuant to the deposition notice. Finding that Texas Rule of
Civil Procedure 205.3(f) governs to the exclusion of Section 241.154, the court established the
copying costs at 15 cents per page. Based on this fee, Sierra would be paid $80.85 for copying costs
rather than $711.60 which had been charged pursuant to Section 241.154. Relators filed this
mandamus petition complaining that Respondent lacked discretion to reduce the fee authorized by
Section 241.154.
 STANDARD OF REVIEW
            Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law.
Id. An appellate court rarely interferes with a trial court’s exercise of discretion. A clear abuse of
discretion warranting correction by mandamus occurs when a court issues a decision which is
without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of factual issues or matters
committed to the trial court’s discretion, the reviewing court may not substitute its judgment for that
of the trial court. Walker, 827 S.W.2d at 839-40. The relator must therefore establish that the trial
court could reasonably have reached only one decision. Id. With respect to a trial court’s
determination of the legal principles controlling its ruling, the standard is much less deferential. A
clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of
discretion, and may result in appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.
            An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding). As non-parties, Sierra and Metro are unable to appeal the discovery order. Therefore,
mandamus relief is available. See In re Bain, 144 S.W.3d 236, 239 (Tex.App.--Tyler 2004, no pet.);
Carriere v. Shuffield, 949 S.W.2d 862, 863 (Tex.App.--Beaumont 1997, orig. proceeding).
 

DISCLOSURE OF HEALTH CARE INFORMATION
            Sierra and Metro contend that the disclosure of Martinez’s health care information is
governed by Section 241.154 of the Texas Health and Safety Code. This statute is part of the Texas
Hospital Licensing Law,


 and it is pertains to the disclosure by a hospital of a patient or former
patient’s health care information.


 See Tex.Health & Safety Code Ann. §§ 241.151-241.156
(Vernon 2001 and Vernon Supp. 2005). Except as provided by Section 241.153, a hospital or its
agent


 may not disclose health care information about a patient without written authorization of the
patient or his legally authorized representative. See Tex.Health & Safety Code Ann. § 241.152. 
Section 241.153 contains a number of exceptions permitting a hospital to disclose a patient’s
healthcare information without written authorization. See Tex.Health & Safety Code Ann.
§ 241.153.
            Upon receipt of a request by a patient or his legally authorized representative to examine or
copy all or part of a patient’s recorded health care information, a hospital shall make the information
available for examination during regular business hours and provide copies if requested. 
Tex.Health & Safety Code Ann. § 241.154(a). Section 241.154 also applies to those disclosures
under Section 241.153 which do not require the patient’s written authorization. Id. Pertinent to this
case, a patient’s health care information may be disclosed without the patient’s authorization if the
disclosure is related to a judicial proceeding in which the patient is a party and the disclosure is
requested pursuant to a subpoena issued under the Texas Rules of Civil Procedure, the Code of
Criminal Procedure, or Chapter 121 of the Civil Practice and Remedies Code. Tex.Health &
Safety Code Ann. § 241.153(20)(Vernon Supp. 2005).
            Unless certain exceptions apply, the hospital may charge a reasonable fee for providing the
health care information and is not required to permit the examination, copying, or release of the
information requested until the fee is paid unless there is a medical emergency. Tex.Health &
Safety Code Ann. § 241.154(b). The fee may not exceed the sum of:
(1) a basic retrieval or processing fee, which must include the fee for providing the
first 10 pages of the copies and which may not exceed $30; and
 
(A) a charge for each page of:
 
(i) $1 for the 11th through the 60th page of the provided copies;
 
(ii) 50 cents for the 61st through the 400th page of the provided
copies; and
 
(iii) 25 cents for any remaining pages of the provided copies; and
 
(B) the actual cost of mailing, shipping, or otherwise delivering the provided copies;
or
 
(2) if the requested records are stored on any microform or other electronic medium,
a retrieval or processing fee, which must include the fee for providing the first 10
pages of the copies and which may not exceed $45; and
 
                        (A) $1 per page thereafter; and

                        (B) the actual cost of mailing, shipping, or otherwise delivering the provided copies.

Tex.Health & Safety Code Ann. § 241.154(b). Additionally, the hospital may charge a
reasonable fee for:
(1) execution of an affidavit or certification of a document, not to exceed the charge
authorized by Section 22.004, Civil Practice and Remedies Code; and
 
(2) written responses to a written set of questions, not to exceed $10 for a set.

Tex.Health & Safety Code Ann. § 241.154(c).
            A hospital may not charge a fee for: (1) providing health care information under Subsection
(b) to the extent the fee is prohibited under Subchapter M, Chapter 161;


 (2) a patient to examine the
patient’s own health care information; (3) providing an itemized statement of billed services to a
patient or third-party payor, except as provided under Section 311.002(f); or (4) health care
information relating to treatment or hospitalization for which workers’ compensation benefits are
being sought, except to the extent permitted under Chapter 408, Labor Code. Tex.Health &
Safety Code Ann. § 241.154(d).
Section 241.154 is Applicable
            Respondent erroneously concluded that Section 241.154 is inapplicable to a request for the
production or copying of medical records pursuant to Martinez’s deposition notice. With the
exception of the circumstances described in subsection (d), Section 241.154 applies whenever a
hospital receives a written authorization from a patient or legally authorized representative to
examine or copy all or part of the patient’s record health care information, or to those disclosures
under Section 241.153 which do not require written authorization from the patient or his
representative. See Tex.Health & Safety Code Ann. § 241.154(a). Here, Martinez provided
Sierra and Metro with a written authorization permitting his attorneys to examine his medical
records. The same document authorized his health care providers to deliver the records requested
by his attorney. Thus, Section 241.154 is applicable to Martinez’s request to examine and deliver
his medical records.
            Martinez contends that two exceptions apply to prevent Metro and Sierra from charging a
fee for copying of the records. First, he relies on the “personal examination” exception found in
Section 241.154(d)(2). Under this exception, a hospital may not charge a fee for a patient to examine
the patient’s own health care information. Martinez has not sought the records for his own personal
examination. Instead, he has subpoenaed them in connection with a judicial proceeding in which
he is a party, and given that he has required the custodian to answer written deposition questions
pertinent to establishing the business records exception to the hearsay rule,


 he is obviously prepared
to utilize the records in that proceeding. If the Legislature had intended to prevent a hospital from
charging a patient a fee for providing medical records for use in judicial proceedings, it would have
expressly so indicated as it did in Section 161.202. We decline to broadly construe Section
241.154(d)(2)’s personal examination exception as applying to the circumstances presented here. 
Accordingly, we find that subsection (d)(2) is inapplicable.
            Martinez also contends that Sierra and Metro cannot charge a copying fee because the health
care information he has requested relates to treatment or hospitalization for which workers’
compensation benefits were sought and actually received from his employer, and the worker’s
compensation carrier has asserted a subrogation claim in the suit below. Section 241.154(d)(4)
provides that a hospital may not charge a fee for providing health care information relating to
treatment or hospitalization for which workers’ compensation benefits “are being sought.” Here,
worker’s compensation benefits are not “being sought”; they have already been sought and received. 
The request for the records is unrelated to a claim for worker’s compensation benefits. The fact that
the worker’s compensation carrier has asserted a subrogation claim does not bring this case within
the exception. Respondent clearly abused his discretion by concluding that Section 241.154 is
inapplicable. 
Request for Production of Documents
From Non-Parties

            Respondent also concluded that Rule 205.3 of the Rules of Civil Procedure governs to the
exclusion of Section 241.154 such that the court could determine the reasonable costs of production. 
Sierra and Metro contend that Respondent clearly abused his discretion by failing to construe the
provisions in a manner that would give effect to both.
            The Code Construction Act applies to the interpretation of the Rules of Civil Procedure, as
those rules were adopted under Government Code Section 22.004. Tex.Gov’t Code Ann.
§ 311.002(4)(Vernon 2005); BASF Fina Petrochemicals Ltd. Partnership v. H.B. Zachry Co., 168
S.W.3d 867, 871 (Tex.App.--Houston [1st Dist.] 2004, pet. denied)(applying Code Construction Act
to Rule 205.3). The Code Construction Act provides that if a general provision conflicts with a
special or local provision, the provisions shall be construed, if possible, so that effect is given to
both. Tex.Gov’t Code Ann. § 311.026(a). If the conflict between the general provision and the
special or local provision is irreconcilable, the special or local provision prevails. Tex.Gov’t Code
Ann. § 311.026(b).
            Rule 205.3 pertains generally to the production of documents and tangible things from a non-party. Tex.R.Civ.P. 205.3(a). Under this rule, a party may compel production of documents and
tangible things from a non-party by serving the required notice and a subpoena compelling
production or inspection of the items sought by the request. Id. A party requiring production of
documents by a non-party must reimburse the reasonable costs of production. Tex.R.Civ.P.
205.3(f). Section 241.154 is a specific statutory enactment which addresses the manner in which
health care information is examined and produced by a hospital and the reimbursable fees which may
be charged for providing the information.
            Construing Rule 205.3(f) as operating to the exclusion of Section 241.154 or as permitting
a trial court to set the reasonable costs of production independent of the statutorily-established fees
creates a clear and irreconcilable conflict between Rule 205.3(f) and Section 241.154. In such a
case, Section 241.154 would prevail. However, we believe these provisions can be construed to give
effect to both. 
            Rule 205.3(f) provides that a non-party be reimbursed its reasonable costs of production. 
Section 241.154 permits a hospital or its agent to charge a fee for providing the health care
information, and the statute establishes the specific sums which can be charged. Section 241.154
also provides for the adjustment of the fees based on the most recent changes to the consumer price
index. Tex.Health & Safety Code Ann. § 241.154(e). The Legislature’s determination of the
fees which may be charged by a hospital for providing health care information is presumed to be
reasonable. See Tex.Gov’t Code Ann. § 311.021 (in enacting a statute, it is presumed that a just
and reasonable result is intended). Martinez asserts that the fees set forth in the statute are the
maximum fees which may be charged, and thus, a trial court has the discretion to determine,
pursuant to Rule 205.3(f), that a hospital’s claimed costs of production are unreasonable and should
be set at a different amount.
            We believe the proper construction of the statute is that a fee which does not exceed the fee
established by the Legislature is reasonable. By specifying the maximum fees which can be charged,
the Legislature has clearly indicated what constitutes an unreasonable fee. We conclude that Section
241.154 establishes the reasonable costs of producing this information. Rule 205.3(f)’s provision
for reimbursing the reasonable costs of production is satisfied and we are able to give effect to both
the general rule and specific statute.
            Because Section 241.154 is applicable to the release of Martinez’s health care information, 
Respondent lacked discretion to set the reasonable costs of production at an amount other than what
is statutorily authorized. As Relators have no adequate remedy at law, we conditionally grant relief. 
Respondent is directed to withdraw its order dated December 8, 2005 and to grant Relators’ “Motion
to Quash Deposition by Written Questions and Subpoena, Objections and Motion for Protective
Order” in its entirety. The writ will issue only if the trial court fails to comply.


June 8, 2006                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.
(Chew, J., not participating)