**Darrell Wayne STANLEY, Relator**

v.

**BELL COUNTY DISTRICT CLERK, Respondent.**

**No. AP–76,929.**

Court of Criminal Appeals of Texas.

Dec. 12, 2012.

Darrell Wayne Stanley, pro se.

Lisa C. McMinn, State's Attorney, Austin, for State.

## *OPINION*

PER CURIAM.

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in the 264th District Court of Bell County, but the District Clerk refused to accept the writ application for filing. The mandamus application was abated for a response from the District Clerk, and the Clerk's response has been received.

Relator stated the Clerk was refusing to file his writ application because he added pages to it. The Clerk's response ac-

---

11. *Id.*

knowledged that Relator's statement was correct. The Clerk told Relator, "Please follow the instructions on the Instruction Sheet, specifically #5 & #6. You must briefly summarize the facts on each ground, additional pages can not be added within your application. You may attach a memorandum of law to further explain your grounds."

The writ application form gives the following instructions regarding the use of additional pages:

[from instruction sheet]

5. Answer every item that applies to you on the form. You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17.

[from application form]

(17) Beginning on page 6, state concisely every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will not consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

Relator included a copy of a writ application with his mandamus application. Assuming it is a copy of the application he attempted to file, it appears Relator is adding his own pages as extensions of the factual bases of the claims. There may be some additional pages that are technically non-compliant, but it appears these pages are not meant to replace the form but give additional answers to questions on the form, and it appears Relator is substantially complying with the instructions on the form.

Although the District Clerk has the authority to return an application when an applicant is not using the correct form, TEX. RULE APPELLATE PROC. 73.2., Relator appears to have used the correct form and appears to have substantially complied with the instructions. Mandamus relief is therefore conditionally granted, *see Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex. Crim.App.1991), and the District Clerk of Bell County is instructed to accept Relator's application for filing with the additional pages. Also, Relator is instructed that these additional pages should only be added to expand on the factual bases of the grounds raised on the form application or to raise additional grounds than that provided for in the form application. Relator may attach a memorandum of law to the form application to present legal authorities.

KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY and ALCALÁ, JJ., joined.

KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY and ALCALÁ, JJ., joined.

Applicant attached extra pages to the Article 11.07 form. Two of those extra pages amplify his answer to question 14(c), which asks why he did not raise his current claims in his previously filed application. Instruction 5 clearly prohibits this, stating in relevant part: "You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17."[1] The district clerk should not be faulted for returning a habeas application as non-compliant when the application is in fact non-compliant under our instructions. Under these circumstances, I cannot agree that the district clerk has violated a ministerial duty.

Applicant could bring his application into compliance by omitting the two pages. If he believes it necessary, he could state on the form a brief summary of his answer to question 14(c) and amplify his answer in a memorandum.

With these comments, I respectfully dissent.

---

1. Article 11.07 form, instruction 5. Applicant also attached some extra pages in connection with some of his grounds under item 17. Those extra pages, though on notebook paper rather than a copy of pages from the form, are in compliance with our instructions.