IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-34,060-05






RANDY DALE BARNETT, Relator


v.


LAMAR COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. 23473-HC1 IN THE 6TH DISTRICT COURT

FROM LAMAR COUNTY





 Per curiam.


O R D E R




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. He complains that the District Clerk of Lamar County is not providing him
with free copies of affidavits filed in the district court in response to this Court's remand order in a
pending habeas proceeding. Relator indicates that the clerk has already provided him with a copy
of the district court's findings of fact and conclusions of law also filed in response to this Court's
remand order.

 Relator is entitled to copies of the affidavits filed in response to this Court's remand order
at no expense, see Tex. R. App. Proc. 9.5, but he is not entitled to a free copy of the exhibits attached
to the affidavits if these exhibits are merely copies of items filed in the underlying prosecution or the
direct appeal therefrom, see United States v. MacCollum, 426 U.S. 317 (1976); Eubanks v. Mullin,
909 S.W.2d 574 (Tex.App--Fort Worth 1995). The affidavits and exhibits in question have been
received by this Court in a supplemental record to the pending habeas case. The first affidavit is
seven pages, and it has 185 pages of exhibits from the trial and appellate record attached; a copy of
the seven-page affidavit is being mailed by this Court's Clerk to Relator. The second affidavit is 
nine pages, and it has seven pages of exhibits, which consists of two privileged letters mailed from
counsel to Relator; a copy of the nine-page affidavit is being mailed by this Court's Clerk to Relator,
and although the original exhibit-letters were mailed to Relator by his counsel, copies of them are
included because they were not part of the trial or direct appeal record.

 Because this Court's Clerk is providing Applicant with all the material from the supplemental
writ record to which he is entitled without payment (with the exception of the findings and
conclusions Relator states he already has received), there is no longer any ministerial duty to compel.
See Braxton v. Dunn, 803 S.W.2d 318, 320 (Tex. Crim. App. 1991). Relator's motion for leave to
file to file is therefore denied.



Filed: March 6, 2013

Do not publish