

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NOS.
**WR-72,337-03**
**WR-72,337-04**

**IN RE RICHARD BROWN JR., Relator**

**ON APPLICATIONS FOR WRITS OF MANDAMUS**
**CAUSE NO. F-0662942-US IN THE 282ND DISTRICT COURT**
**FROM DALLAS COUNTY**

*Per curiam*.

**O R D E R**

A jury convicted Relator of aggravated robbery. The conviction was affirmed on direct

appeal, and Relator's initial habeas application was denied. *See Brown v. State*, No. 05-06-01461-CR

(Tex. App.—Dallas Feb. 25, 2008) (not designated for publication); *Ex parte Brown*, No. 72,337-02

(Tex. Crim. App. Feb. 26, 2014) (not designated for publication). Relator has filed two motions for

leave to file applications for writs of mandamus pursuant to the original jurisdiction of this Court.

The first (the -03) concerns Relator's attempts to obtain medical records. According to

Relator, he attempted to obtain his medical records from the county sheriff for the period he was in

the county jail, and he states that he offered to pay for the records but that the sheriff ignored his request. Relator then attempted, through several motions filed with the district clerk, to have the trial court compel the sheriff to make the medical records available to him for purchase. According to Relator, the trial court never ruled on these motions to compel, so Relator seeks mandamus relief from this Court to compel a ruling. Relator has already sought the same mandamus relief from the appropriate intermediate appellate court, but his request was dismissed, so the claim is properly before this Court. *See In re Brown*, No. 05-14-00622-CV (Tex. App.—Dallas May 27, 2014) (not designated for publication); *Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Crim. App. 2003); *Padieu v. Court of Appeals of TX., Fifth Dist.*, 392 S.W.3d 115 (Tex. Crim. App. 2013).

The second (the -04) concerns Relator's attempts to obtain pleadings filed in the -02 habeas proceeding. Relator states that the district clerk did not provide him with copies of the affidavits and findings filed in that habeas proceeding although required to do so and even after he requested the documents. Relator states that he filed a motion to compel the district clerk to provide the records but that the trial court is not ruling on it. He seeks an order to compel the trial court to rule.

Consideration of a motion properly filed and before a trial court is ministerial, and mandamus may be pursued to compel a ruling. *White v. Reiter*, 640 S.W.2d 586 (Tex. Crim. App. 1982); *Braxton v. Dunn*, 803 S.W.2d 318 (Tex. Crim. App. 1991). Respondent, the Judge of the 282nd District Court of Dallas County, shall file responses with this Court stating whether Relator filed the motions to compel regarding the sheriff and the medical records (the -03 application) and whether Relator filed the motion to compel regarding the district clerk and the habeas pleadings (the -04 application). If the motions were properly filed and before the trial court, the trial court shall indicate whether it has ruled on them, and if not, the reason no ruling was made.

Respondent's answers shall be submitted within 30 days of the date of this order. These

applications for leave to file writs of mandamus will be held in abeyance until Respondent has submitted the responses.

Filed   December 17, 2014
Do not publish