

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,402-01

### In re NOE ADAME and GILBERT M. ZAMORA, Relators, et al.[1]

### ON PETITIONS FOR WRITS OF MANDAMUS
### REGARDING BAIL

**NEWELL, J., filed a concurring statement in which JOHNSON and RICHARDSON, JJ., joined.**

I agree with this Court's denial of the relators' petitions for writ of mandamus. I write separately to clarify why denial of relief is appropriate. Relators acknowledge in their joint application that they already have an adequate remedy at law. *Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex. Crim. App. 1991); *see* Petition at 3-4 ("The writ of habeas corpus is the central legal mechanism through which the right to bail is enforced. . . . Anyone may petition

---

[1] Relators' counsel filed one petition for writ of mandamus requesting relief for not only their named clients, but also one-hundred-and-forty-three other individuals who may or may not be represented by other attorneys. However well-intentioned this joint filing might have been, I would caution defense counsel to be mindful of an attorney's duty of candor to the court under the Texas Disciplinary Rules of Professional Conduct and how it might apply to a representation of the existence of an attorney-client relationship where listed relators may already be represented by other counsel.

for a writ[.]"). The availability of an adequate remedy at law renders mandamus relief inappropriate irrespective of the merits of relators' legal complaints.

With these observations I join the Court's denial of mandamus relief.

Filed: June 24, 2015
Do Not Publish