

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,247-01

**IN RE ADRIAN WILSON, Relator**

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 1089706 IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Relator has filed an application for a writ of mandamus pursuant to the original jurisdiction of this Court. In it, Relator alleges that dog scent discrimination lineups, when used as primary evidence, are legally insufficient to support conviction. Relator also alleges that the evidence was legally and factually insufficient to uphold his conviction. Relator asks this Court to reverse and remand his conviction. We deny leave to file for the following reasons.

First, Relator has not complied with TRAP 72.1. TRAP 72.1 (Leave to File) states the following:

> A motion for leave to file must accompany an original petition for writ of habeas corpus, mandamus, procedendo, prohibition, certiorari, or other extraordinary writ, or any other motion not otherwise provided for in these rules.

Relator has not included an accompanying motion for leave to file, and the application can be denied on this basis alone.

Second, leave to file is denied under *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003). When a court of appeals and this Court have concurrent, original jurisdiction of an application for a writ of mandamus, the application should be presented first to the court of appeals unless there is a compelling reason not to do so. *Id.* Relator has not alleged that he has unsuccessfully sought mandamus relief at the appellate level. Moreover, he does not argue that there is a compelling reason not to present a mandamus application with the court of appeals.

Lastly, and most concerning, Relator's application is wholly unrelated to the issues for which a writ of mandamus is available, and is therefore an improper vehicle for obtaining the relief sought by Relator. Mandamus relief is available only when the relator can establish two things: first, that no other adequate remedy at law is available; and second, that the act he seeks to compel is ministerial. *Braxton v. Dunn,* 803 S.W.2d 318, 320 (Tex. Crim. App. 1991). If Applicant's intent is for this Court to reverse and remand his conviction, it appears that an Article 11.07 habeas writ is Relator's adequate remedy at law. This Court may address the claims when it receives and considers Relator's habeas writ, but mandamus relief is not appropriate with respect to the merits of Relator's claims. Relator has not established that he has no other adequate remedy at law. Moreover, Relator has not established that the act he seeks to compel is ministerial. An act is ministerial "when the law clearly spells out the duty to be performed...with such certainty that

nothing is left to the exercise of discretion or judgment." *Texas Dept. of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex. Crim. App. 1981). This application reads more like a direct appeal brief. However, Applicant filed a direct appeal in 2007, and his conviction was affirmed by the Fourteenth Court of Appeals. *Wilson v. State*, No. 14-07-00451-CR (Tex. App.—Houston [14th Dist.] July 10, 2008)(not designated for publication). Applicant did not file a petition for discretionary review.

What is most troubling to the Court is that this application was filed by an attorney. Aside from several inconsequential mistakes, such as using the incorrect name for Relator, and including the wrong court of appeals cause number for Relator's case, it is very apparent that Relator's counsel misunderstands the post-conviction process. He has filed an improper application on his client's behalf. We take this opportunity to direct counsel, whether he is retained or providing his legal services *pro bono*, to refrain from filing improper and frivolous applications with this Court. Applicant will not be prejudiced by this filing.


Filed:        February 10, 2016

Do not publish