Opinion issued August 15, 2024



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-24-00014-CR

NO. 01-24-00015-CR

NO. 01-24-00016-CR

———————————

**IN RE COLLIN COUNTY JUDGE CHRIS HILL, COLLIN COUNTY COMMISSIONER SUSAN FLETCHER, COLLIN COUNTY COMMISSIONER CHERYL WILLIAMS, COLLIN COUNTY COMMISSIONER DARRELL HALE, AND COLLIN COUNTY COMMISSIONER DUNCAN WEBB, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

*and*

———————————

NO. 01-24-00125-CR

NO. 01-24-00126-CR

NO. 01-24-00127-CR

———————————

**IN RE COLLIN COUNTY AUDITOR LINDA RIGGS, Relator**

**Original Proceeding on Petition for Writ of Mandamus**

# O P I N I O N

This opinion involves two related mandamus proceedings. In the mandamus proceedings, relators, Collin County Judge Chris Hill, Collin County Commissioner Susan Fletcher, Collin County Commissioner Cheryl Williams, Collin County Commissioner Darrell Hale, Collin County Commissioner Duncan Webb, and Collin County Auditor Linda Riggs (collectively, "relators"), filed petitions for writ of mandamus, challenging the trial court's October 31, 2023 order and February 28, 2024 revised order that required Collin County to pay attorney's fees to the real parties in interest, Brian Wice and Kent Schaffer, the attorneys pro tem appointed to represent the State of Texas in prosecuting Warren Kenneth Paxton, Jr. (collectively, the "special prosecutors"), for legal services provided by the special prosecutors for the period beginning December 2, 2015 and ending December 31, 2016 in connection with Paxton's prosecution in the underlying cases (the "cases").[1] In two issues, relators contend that the trial court erred in ordering Collin County to pay

---

[1] The underlying cases are *The State of Texas v. Warren Kenneth Paxton, Jr.*, Cause Nos. 1555100, 1555101, and 1555102, in the 185th District Court of Harris County, Texas, the Honorable Andrea Beall presiding.

"excessive legal fees to the special prosecutors" and they have no adequate remedy by appeal.[2]

We conditionally grant the petitions.

## Background

In light of the long history of the cases,[3] we recite only the facts pertinent to these mandamus proceedings. After the Collin County Criminal District Attorney recused his office from the cases, the local administrative judge of Collin County appointed the special prosecutors.[4] The Texas Code of Criminal Procedure sets out how attorneys pro tem are to be compensated.[5] Under the Texas Code of Criminal Procedure provision in effect when the special prosecutors were appointed, an

---

[2]     We note that Collin County Judge Hill, Collin County Commissioner Fletcher, Collin County Commissioner Williams, Collin County Commissioner Hale, and Collin County Commissioner Webb jointly filed a petition for writ of mandamus asserting two issues in the "Issues Presented" section of their petition. Collin County Auditor Riggs filed a petition for writ of mandamus asserting three issues in the "Issues Presented" section of her petition. For ease, we will consider relators' issues together.

[3]     *See, e.g.*, *In re State ex rel. Wice*, 668 S.W.3d 662 (Tex. Crim. App. 2023) (orig. proceeding); *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Appeals*, 581 S.W.3d 189, 191 (Tex. Crim. App. 2018) (orig. proceeding); *In re State ex rel. Wice*, 629 S.W.3d 715 (Tex. App.—Houston [1st Dist.] 2021, orig. proceeding [mand. granted]); *In re Collin Cnty.*, 528 S.W.3d 807, 809 (Tex. App.—Dallas 2017, orig. proceeding) (noting it was "th[e] fifth appeal or original proceeding regarding an order of payment of attorney's fees in the[] cases"); *In re Paxton*, Nos. 05-17-00507-CV to 05-17-00509-CV, --- S.W.3d ---, 2017 WL 2334242 (Tex. App.—Dallas May 31, 2017, orig. proceeding).

[4]     *See State ex rel. Wice*, 581 S.W.3d at 191; *In re Collin Cnty.*, 528 S.W.3d at 809.

[5]     *See State ex rel. Wice*, 581 S.W.3d at 192.

3

attorney pro tem was entitled to receive compensation "in the same amount and manner as an attorney appointed to represent an indigent person."[6] As to the compensation for appointed defense counsel, Texas Code of Criminal Procedure article 26.05 provides that all attorney's fees for such appointed counsel "shall be paid in accordance with a schedule of fees adopted by formal action of the judges of the county courts, statutory county courts, and district courts trying criminal cases in each county."[7] An adopted fee schedule must "state reasonable fixed rates or minimum and maximum hourly rates."[8]

The Collin County judges adopted a fee schedule that set compensation caps for defense counsel appointed by their courts. Based on a local rule that allowed a judge to deviate from the rate prescribed in the adopted fee schedule "in unusual circumstances or where the fee would be manifestly inappropriate," the Collin County local administrative judge agreed to pay each of the special prosecutors at an hourly rate of $300.00 for the legal services rendered in the cases ("the agreement").[9] The Collin County Commissioners Court agreed to pay the special

---

[6]    *See* TEX. CODE CRIM. PROC. ANN. art. 2.07(c), *repealed by* Act of June 10, 2019, 86th Leg., R.S., ch. 580, § 4, 2019 Tex. Sess. Law Serv. 1619, 1620.

[7]    *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(b).

[8]    *See id.* art. 26.05(c); *State ex rel. Wice*, 581 S.W.3d at 193.

[9]    *See State ex rel. Wice*, 581 S.W.3d at 191 (internal quotations omitted); *In re Collin Cnty.*, 528 S.W.3d at 810 (internal quotations omitted).

prosecutors' first invoice for legal fees according to the agreement, but it rejected their second invoice.[10]

The Texas Court of Criminal Appeals then held that the Collin County fee schedule controlled the amount of the special prosecutors' pay despite the agreement.[11] The court determined that the local rule's "opt-out" provision conflicted with the plain language of Texas Code of Criminal Procedure article 26.05, which did not permit individual judges to expand their fee-setting authority by setting a fee outside the range of "what has been collectively agreed upon as reasonable."[12] Appointed defense attorneys, and therefore the special prosecutors, were entitled to compensation according to a fee schedule adopted by formal action of the district courts presiding over criminal cases in that county.[13]

The Texas Court of Criminal Appeals also noted that the "trial court still ha[d] discretion to set a fee in each case."[14] But the trial court's discretion in setting a fee was limited by the minimum and maximum amounts available under the fee schedule adopted pursuant to Texas Code of Criminal Procedure article 26.05(c) because such statute "d[id] not allow the judge to award fees outside of that

---

[10] *See State ex rel. Wice*, 581 S.W.3d at 191; *In re Collin Cnty.*, 528 S.W.3d at 811.

[11] *See State ex rel. Wice*, 581 S.W.3d at 191, 198.

[12] *See id.* at 198 (internal quotations omitted).

[13] *See id.* at 193.

[14] *See id.* at 195.

schedule."[15] Thus, the Court of Criminal Appeals "vacate[d] the trial court's second order for interim payment," and it "order[ed] the trial court to issue a new order for payment of fees in accordance with a fee schedule" that complied with article 26.05(c).[16]

After a venue dispute brought the cases back to Harris County from Collin County,[17] the special prosecutors presented an attorney's-fee invoice to the Harris County trial court, again seeking payment based on the previously overruled $300.00 hourly rate.[18]

On October 31, 2023, the trial court signed an Order of Fees for Attorney Pro Tem, in which it concluded that it was "legally impossible" to comply with the Texas Court of Criminal Appeals's mandate to issue a new order for payment of attorney's fees in accordance with a fee schedule that complied with Texas Code of Criminal Procedure article 26.05(c) because the 2018 Collin County fee schedule did "not

---

[15] *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(c).

[16] *See State ex rel. Wice*, 581 S.W.3d at 200.

[17] *See In re State ex rel. Wice*, 668 S.W.3d at 662–84 (explaining cases transferred from Collin County to Harris County following State's motion, but then transfer order declared void and cases ordered to be returned to Collin County; ultimately, following petition for writ of mandamus filed by State, Texas Court of Criminal Appeals ordered cases returned to Harris County).

[18] The invoice is for the same amount and appears to cover the same period of time as the invoice previously approved by the Collin County local administrative judge that was the subject of a 2018 mandamus proceeding. *See In re State ex rel. Wice*, 528 S.W.3d at 191; *In re Collin Cnty.*, 528 S.W.3d at 811.

have a reasonable fixed rate or minimum and maximum hourly rate for first[-]degree cases," "[wa]s not reasonable," and was therefore "illegal under [article 26.05(c)]." The trial court also specifically concluded that the maximum fixed attorney's-fee payment set out in the 2018 Collin County fee schedule was "wholly unreasonable for a first[-]degree case and . . . case[s] of this complexity."

The trial court then ordered payment of the special prosecutors' attorney's-fee request for 323 out-of-court hours at an hourly rate of $300.00, plus $612.13 in expense reimbursement, for a total of $199,575.00. Alternatively, the trial court ordered that the special prosecutors' attorney's-fee request "be paid at a rate of $225[.00] an hour."

On February 28, 2024, the trial court signed a Revised Order on Fees for Attorney Pro Tem "to address and correct those claimed deficiencies in the [trial court's] original order asserted by Collin County Auditor Riggs in her petition for [writ of] mandamus" filed in this Court.[19] In the revised order, the trial court clarified some of the terms of its attorney's-fee award but still ordered the payment of attorney's fees at the same hourly rate, and alternative hourly rate, set forth in the October 31, 2023 order. In addition, the trial court addressed and denied the special

---

[19] Pending in appellate cause numbers 01-24-00125-CR, 01-24-00126-CR, and 01-24-00127-CR.

prosecutors' "request for a finding that [Texas Code of Criminal Procedure] [a]rticle 26.05 [wa]s unconstitutional as applied."

The special prosecutors presented the trial court's order to relators for payment. The special prosecutors also sought extraordinary relief by filing a petition for writ of prohibition or mandamus in the Texas Court of Criminal Appeals to compel relators to pay the fees as ordered by the trial court. But on January 24, 2024, the Court of Criminal Appeals denied the special prosecutors' request for leave to file their petition for writ of prohibition or mandamus.[20] While the petition for writ of prohibition or mandamus was pending in the Texas Court of Criminal Appeals, relators declined to issue payment for an amount outside of the Collin County fee schedule and filed petitions for writ of mandamus in this Court, requesting that we vacate the trial court's "unlawful payment order[s]."

### Standard of Review

Mandamus relief is available only when (1) the relators have shown that no other adequate remedy at law is available and (2) the act that the relators seek to compel is ministerial, not discretionary. *Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex. Crim. App. 1991).

---

[20] *See In re State ex rel. Wice*, Nos. WR-93,089-02, WR-93,089-03 (Tex. Crim. App. Jan. 24, 2024) (motion for leave to file original application for writ of prohibition and mandamus denied; motions for expedited submission and disposition of application for writ of prohibition and mandamus dismissed as moot).

**Adequate Remedy**

In their second issue, relators argued that they have no adequate remedy by appeal because "they are not parties to the underlying proceeding[s]" and cannot challenge the trial court's October 31, 2023 order and February 28, 2024 revised order.

A relator has no adequate remedy by appeal when he is not a party to the underlying suit and thus has no right to appeal. *See In re United Healthcare Ins. Co.*, 652 S.W.3d 458, 461 (Tex. App.—San Antonio 2022, orig. proceeding); *In re METRO ROI, Inc.*, 203 S.W.3d 400, 402 (Tex. App.—El Paso 2006, orig. proceeding). Here, relators are not parties to the cases, and accordingly, have no ability to appeal the trial court's October 31, 2023 order and February 28, 2024 revised order. *See In re United Healthcare Ins. Co.*, 652 S.W.3d at 461; *In re METRO ROI, Inc.*, 203 S.W.3d at 402; *see also State ex rel. Wice v. Fifth Jud. Dist. Ct. of Appeals*, 581 S.W.3d 189, 194 (Tex. Crim. App. 2018) (orig. proceeding). Thus, we hold that relators lack an adequate remedy by appeal.

We sustain relators' second issue.

**Ministerial Duty**

In their first issue, relators argue that the trial court erred in entering the October 31, 2023 order and the February 28, 2024 revised order, which required Collin County to pay "excessive legal fees to the special prosecutors," because "[t]he

law-of-the-case doctrine . . . prohibit[ed] reconsideration of the special prosecutors' claim for payment" and the trial court's duty was ministerial.

As noted above, to establish that they are entitled to mandamus relief, relators must also show that the act they seek to compel is a ministerial act, not involving a discretionary or judicial decision. *Braxton*, 803 S.W.2d at 320. To satisfy the ministerial-act requirement, the relief sought must be "clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment." *In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023). "A clear right to relief is shown when the facts and circumstances dictate but one decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (internal quotations omitted). "When a trial court acts beyond the scope of its lawful authority, a clear right to relief exists." *Id.* at 553–54.

As to whether they are entitled to mandamus relief, relators argue that the trial court was required to deny the special prosecutors' attorney's-fee claim consistent with the Texas Court of Criminal Appeals's 2018 ruling in *State ex rel. Wice*, because the law-of-the-case doctrine prohibits reconsideration of the special prosecutors' claim for payment of attorney's fees.[21]

---

[21] Collin County Judge Hill, Collin County Commissioner Fletcher, Collin County Commission Williams, Collin County Commissioner Hale, and Collin County Commissioner Webb also assert that the "mandate rule" requires the same result,

The law of the case doctrine generally "provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue if it is raised in any subsequent appeal." *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999) (internal quotations omitted); *see also Ex parte Schuessler*, 846 S.W.2d 850, 852 n.7 (Tex. Crim. App. 1993); *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987). "In other words, when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014). The doctrine applies not only to subsequent appeals of the same case, but also to cases where the facts and legal issues presented for appellate review "are virtually identical with those in a previous appeal." *Ware*, 736 S.W.2d at 701.

In *State ex rel. Wice*, the Texas Court of Criminal Appeals decided "whether [Texas Code of Criminal Procedure article 26.05] limit[ed] the trial court's ability to approve an hourly rate when the fee schedule approved by the local judges prescribe[d] a fixed rate." 581 S.W.3d at 191. Before the court in that mandamus proceeding was an invoice for the special prosecutors' attorney's fees covering the same period of time and seeking payment in the same amount as the one before the

---

but because *State ex rel. Wice* was before the Texas Court of Criminal Appeals on a petition for writ of mandamus, no judgment, and thus no mandate, issued. 581 S.W.3d at 190–200; *see* TEX. R. APP. P. 51.2, 72. The mandate rule does not apply to prior mandamus proceedings.

trial court here. According to relators, the Texas Court of Criminal Appeals's resolution of that issue proscribed the trial court from exercising its authority "to exceed the payment permitted" under the Collin County fee schedule. *See id.*

The special prosecutors respond that the trial court "had the inherent judicial discretion" and the "inherent authority" to conclude that the $2,000.00 cap imposed by the Collin County fee schedule on all pretrial work the special prosecutors performed in 2016 "was clearly unreasonable, arbitrary, and capricious as applied to it" and that the $2,000.00 cap for pretrial work in noncapital cases mandated by the Collin County local rules was "arbitrary, capricious, and manifestly unreasonable as applied" to the special prosecutors. In support of their argument, the special prosecutors cite cases decided by courts outside of Texas and urge us to look to their reasoning because of what the special prosecutors describe as the consequential constitutional questions at issue here.

But the trial court rejected the special prosecutors' constitutional challenge to the payment statute as applied to the special prosecutors, and the special prosecutors have not petitioned this Court for any extraordinary relief from the trial court's ruling on that issue. Further, the special prosecutors' arguments about the extent of the trial court's discretion were already rejected by the Texas Court of Criminal Appeals, which explained that under Texas Code of Criminal Procedure article 26.05, "[a] trial court still has discretion to set a fee in each case, but compensation

12

must fall within a fee schedule adopted by formal action of the judges of the county courts, statutory county courts, and district courts trying criminal cases in each county." *See State ex rel. Wice*, 581 S.W.3d at 195.

In its October 31, 2023 order, the trial court expressly acknowledged the Texas Court of Appeals's mandate to issue a new order that complied with Texas Code of Criminal Procedure article 26.05(c), but it then found that it could not comply due to the unreasonableness of the fee schedule:

> [The trial court] finds that it is legally impossible for th[e] [c]ourt to comply with the Court of Criminal Appeals mandate to issue a new order for payment of fees in accordance with a fee schedule that complies with [Texas Code of Criminal Procedure article 26.05(c)] as the 2018 Collin County fee schedule is not reasonable, and therefore, is illegal under the aforementioned statute.

> [The trial court] finds that a [$2,000.00] maximum fixed payment [$1,000.00] for all pretrial work with an additional increase of [$1,000.00] is wholly unreasonable for a first[-]degree case and a case of this complexity. Therefore, [the trial court] finds that the 2018 Collin County fee schedule does not comply with [Texas Code of Criminal Procedure article 26.05(c)] as it does not have a reasonable fixed rate or minimum and maximum hourly rate for first[-]degree cases. Th[e] [c]ourt further finds that the 2018 Collin County fee schedule does not comply with [a]rticle 26.05(c) . . . as it cannot consider reasonable and necessary overhead costs with this maximum set fee.

Similarly, in its February 28, 2024 revised order, the trial court stated:

> [The trial court] finds that it is legally impossible for th[e] [c]ourt to comply with the Court of Criminal Appeals mandate to issue a new order for payment of fees in accordance with a fee schedule that complies with [Texas Code of Criminal Procedure article 26.05(c)] as the 201[8] Collin County fee schedule is not reasonable and, therefore, is illegal under the aforementioned statute.

13

> [The trial court] finds that a [$2,000.00] maximum fixed payment is wholly unreasonable for a first[-]degree case and a case of this complexity. Therefore, [the trial court] finds that the 201[8] Collin County fee schedule does not comply with [Texas Code of Criminal Procedure article 26.05(c)] as it does not have a reasonable fixed rate or minimum and maximum hourly rate for first[-]degree cases. Th[e] [c]ourt further finds that the 2018 Collin County fee schedule does not comply with [a]rticle 26.05(c) . . . as it cannot consider reasonable and necessary overhead costs within this maximum set fee.

In making these findings, the trial court implicitly relied on the rationale that the special prosecutors must be paid at a reasonable rate, the Collin County fee schedule does not allow for payment of a reasonable rate for these cases, and the trial court may determine that a rate is not reasonable. But the Texas Court of Criminal Appeals rejected this rationale in *State ex rel. Wice*. *See* 581 S.W.3d at 196–97. There, the Court of Criminal Appeals noted that it was "not called upon to determine whether the payment ordered" was reasonable. *Id.* at 191. But it pointed out that in creating the Collin County fee schedule, "the local judges set out a fee schedule with fixed rates and minimum and maximum limits that they determined to be

14

reasonable."[22]  *Id.* at 198.[23]  Because the statute gives local judges the sole discretionary authority to collectively determine what constitutes a reasonable fee and adopt a fee schedule for the individual local judges to follow, the trial court did not have the authority to award a fee that exceeded the maximum fee set by the Collin County fee schedule.

In *State ex rel. Wice*, the Texas Court of Criminal Appeals held that the local "opt-out" rule that the Collin County judges had adopted could not stand because it conflicted with Texas Code of Criminal Procedure article 26.05, which "limit[ed] a trial court's authority to order payment within a fixed fee schedule."  *Id.* (internal quotations omitted).  In so holding, the Court of Criminal Appeals emphasized that it was "not holding that the fixed pre-trial preparation fee at issue in th[e] case[s] was 'reasonable,'" but rather, "deciding whether mandamus relief [wa]s appropriate

---

[22]  The concurring justices in *State ex rel. Wice*, similarly noted that Texas Code of Criminal Procedure article 26.05

> does not mandate that all appointed attorneys work for the same compensation. Rather, requiring a stated 'minimum and maximum hourly rate' allows the judges of each county to anticipate unusual and complex cases and collectively by formal action, authorize adequate compensation for competent counsel by setting a specific range of pay for appointed attorneys.

581 S.W.3d at 205 (Richardson and Yeary, JJ., concurring).

[23]  *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(b) ("All [attorney's-fee] payments made under this article shall be paid in accordance with a schedule of fees adopted by formal action of the judges of the county courts, statutory county courts, and district courts trying criminal cases in each county.").

15

based upon a statute that sets out how the reasonableness of the particular fee at issue must be determined." *Id.* at 195.

The Texas Court of Criminal Appeals explained that Texas Code of Criminal Procedure article 26.05 allowed for two different reasonableness determinations:

> First, the judges trying criminal cases in the county courts, statutory county courts and district courts decide collectively on reasonable fixed rates or minimum and maximum hourly rates as part of a fee schedule that they adopt through formal action. Second, the individual judge in a particular case decides on a reasonable fee *in accordance with the schedule of fees that the judges trying criminal cases in the county adopted.*"

*Id.* (emphasis added); *see also* TEX. CODE CRIM. PROC. art. 26.05(b), (c).

Because the trial court was constrained to determine an appropriate attorney's-fee award within the minimum and maximum fee amounts established by the Collin County fee schedule, it had no authority to stray beyond the fee limits set forth in the fee schedule or second-guess the "reasonableness" of the rates adopted by the Collin County judges; it only had "a ministerial duty to compensate" the special prosecutors in accordance with the fee schedule, i.e., "in the same way that an attorney representing a criminal defendant" in a Collin County case would be compensated. *See State ex rel. Wice*, 581 S.W.3d at 195.

We note that the law-of-the-case doctrine's application is flexible: an appellate court may exercise its discretion to reconsider its earlier disposition of an issue if it determines that exceptional circumstances militate against relying on its

prior decision. *See Entergy Corp. v. Jenkins*, 469 S.W.3d 330, 337 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *Johnson v. State*, 171 S.W.3d 643 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *LeBlanc v. State*, 826 S.W.2d 640, 644 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). The special prosecutors, though, have not shown any reason for departing from the prior resolution of this issue. *See Howlett*, 994 S.W.2d at 666; *Aycock v. State*, 863 S.W.2d 183, 187 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Further, this Court, like the trial court, is bound to follow the precedent of the Texas Court of Criminal Appeals. *Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also* TEX. CONST. art. V, § 5(a).

Consistent with the Texas Court of Criminal Appeals's holding in *State ex rel. Wice*, we hold that the Harris County trial court had neither the authority to determine whether the attorney's fees set out in the Collin County fee schedule were reasonable nor the discretion to order payment of attorney's fees in excess of the maximum amount allowed under the Collin County fee schedule. As such, we further hold that relators have established the ministerial-act requirement for the entitlement to mandamus relief.

We sustain relators' first issue.

## Conclusion

We conditionally grant relators' petitions for writ of mandamus. We direct the trial court to vacate its orders awarding attorney's fees to the special prosecutors and issue a new order adjudicating the special prosecutors' request for payment of fees in compliance with the Collin County fee schedule. We are confident that the trial court will comply with this Court's ruling and the writ will issue only if the trial court fails to comply. Any pending motions are dismissed as moot.


Julie Countiss
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

Publish. Tex. R. App. P. 47.2(b).