**Ex Parte Thomas Paul RINKEVICH, Appellee.**

**No. 05–06–01506–CR.**

Court of Appeals of Texas, Dallas.

April 24, 2007.

---

April E. Smith, Mesquite, for Appellant.

Pamela Liston, Rowlett, for Appellee.

Before Justices FITZGERALD, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice RICHTER.

Acting within our plenary jurisdiction under Texas Rule of Appellate Procedure 19.1(a), we withdraw our opinion and vacate our judgment of March 8, 2007. This is now the opinion of the Court.

The State of Texas appeals the order issued by the (Dallas) County Criminal Court No. 6 granting appellee Thomas Paul Rinkevich relief on his application for writ of habeas corpus. In four issues, the State asserts (i) the county court erred in granting the application for writ of habeas corpus when there was no confinement, restraint, or collateral consequences; (ii) the county court erred in finding that appellee had sustained his burden of proof with regard to his allegations of ineffective assistance of counsel; (iii) the county court erred in granting the application for writ of habeas corpus when the application did not meet statutory requirements; and (iv) County Criminal Court No. 6 lacked jurisdiction to hear the writ application. *See* TEX. GOV'T CODE ANN. § 25.0594 (Vernon 2004); TEX.CODE CRIM. PROC. ANN. art. 11.09 (Vernon 2005).

In response, appellee argues (i) because the State did not timely file its notice of appeal, it lacks authority to prosecute this appeal, (ii) because the State failed to have a reporter's record made of the proceedings, the State cannot complain of eviden-tiary errors on an incomplete record, and (iii) because there is no record that the State objected at trial to the contents of the application or to jurisdiction, error has not been preserved.

We vacate the county court's order granting applicant the relief sought, and order the application dismissed. *See* TEX R.APP. P. 43.2(e).

## Background

Appellee was convicted of assault by contact in the Rowlett Municipal Court on July 19, 2005. The judge assessed a $400 fine, which appellee paid on September 28, 2005. On December 6, 2005, appellee filed an application for writ of habeas corpus in (Dallas) County Court of Criminal Appeals No. 1. An affidavit from appellee's trial counsel, Nancy Gail Huggins, was submitted as an exhibit to the application. In the affidavit, trial counsel states she did not advise appellee to request the trial be recorded because she mistakenly believed the assault case was before a justice of the peace. She stated her belief that the justice of the peace court was not a court of record, and an appeal would be by trial de novo. Appellee did not request the trial be recorded.

On December 9, 2005, the application was transferred to and received by County Criminal Court No. 6. On March 9, 2006, the magistrate judge entered an order containing findings of fact and conclusions of law setting aside appellee's conviction and remanding the case to the municipal court for further disposition. On March 10, 2006, the county court entered an order adopting the magistrate judge's order. On March 29, 2006, the State filed a motion for reconsideration stating it had not had notice or opportunity for a hearing, and requested the opportunity to appear for a hearing on the application. The State filed a supplemental motion for reconsideration

on April 13, 2006. On April 28, 2006, a hearing pursuant to the State's motion was held before the magistrate judge on the application. On November 3, 2006, the county court withdrew its previous order and entered a new order issuing the writ, vacating the July 19, 2005 conviction and returning appellee to the original position of answering the complaint. On November 7, 2006, the State filed a notice of appeal.

### Timeliness of Appeal

Appellee argues that because the State did not timely file its notice of appeal within fifteen days after entry of the March 10, 2006 order, it lacks authority to prosecute this appeal. The State's notice of appeal must be filed within fifteen days after entry of an appealable order. *See* Tex R.App. P. 26.2(b). In this case, the operative order for appellate purposes is the November 3, 2006 order. The State timely filed its notice of appeal four days after entry of the county court's November 3, 2006 order. Therefore, the notice of appeal is timely and we have jurisdiction over the appeal.

### Jurisdiction

■ In its fourth issue, the State argues that County Criminal Court No. 6 lacked jurisdiction to hear the writ application. *See* Tex. Gov't Code Ann. § 25.0594 (Vernon 2004); Tex.Code Crim. Proc. Ann. art. 11.09 (Vernon 2005). Appellee responds the State raised no objection to jurisdiction, thereby waiving this argument. "[C]ounty ... courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of misdemeanor convictions." *Ex parte Crosley,* 548 S.W.2d 409 (Tex.Crim.App.1977). Appellee challenged the misdemeanor conviction by way of application for writ of habeas corpus in the county court. The county court properly exercised original jurisdic-

tion over the application. Therefore, the State's fourth issue is overruled.

### Cognizability

■ In its first issue, the State asserts the county court erred in granting the application for writ of habeas corpus absent confinement, restraint, or collateral consequences. The State essentially challenges the application as failing to present a cognizable issue. *See Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Crim.App. 1998) (per curiam). Appellee responds that because the State failed to have a reporter's record made of the proceedings, the State cannot complain of evidentiary errors on an incomplete record. We agree with the State.

■ A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either (i) confined or restrained as a result of a misdemeanor charge or conviction or (ii) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. *See* Tex. Const. art. V, § 8; Tex.Code Crim. Proc. Ann. arts. 11.09, 11.21 and 11.22 (Vernon 2005); *Ex parte McCullough,* 966 S.W.2d at 531–32; *Ex parte Crosley,* 548 S.W.2d at 409–10.

Appellee did not assert in his writ application or in the memorandum of law in support of the writ application that he was confined, restrained, or subject to collateral legal consequences as a result of the misdemeanor conviction, nor did he request release from custody or restraint. Further, he sought as relief only that the judgment and sentence be set aside.

■ Although appellee has not alleged he is subject to confinement, restraint, or collateral legal consequences, assuming, without deciding, the $400 fine may constitute confinement, restraint, or collateral

legal consequences, because appellee paid his fine before he filed the writ application, he was not confined, restrained, or subject to collateral legal consequences either when he filed his writ application or at the present time. *See Dahesh v. State*, 51 S.W.3d 300, 301–03 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Moreover, it is well settled that voluntarily paying the fine in a misdemeanor case renders the appeal from the judgment moot. *See Crawford v. Campbell*, 124 S.W.3d 778, 780 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (citing *Fouke v. State*, 529 S.W.2d 772, 773 (Tex.Crim.App.1975)). Therefore, appellee is not entitled to relief under article 11.09. We sustain the State's first issue.

### Conclusion

Because we determine that County Criminal Court No. 6 had jurisdiction, the notice of appeal was timely filed, and appellee failed to raise a cognizable issue in that court, we need not address the State's remaining issues. We vacate the county court's order granting applicant the relief sought and order the application dismissed.