IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-76,627-02






TERRY JAMES, Relator


v.


DALLAS COUNTY CRIMINAL COURT OF APPEALS NUMBER 1, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CITY OF DALLAS MUNICIPAL COURT CAUSE NO. J10-06001101 





 Per curiam.


O R D E R



 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he states he attempted to file with Dallas County Criminal Court of
Appeals Number 1 an application for a writ of habeas corpus pursuant to Article 11.09 of the Texas
Code of Criminal Procedure. He states the court did not accept the filing but directed him to file it
with the City of Dallas Municipal Court because that court was the court of conviction for the Class
C misdemeanor at issue. Relator states he did so but no action was ever taken. He states he again
attempted to file his Article 11.09 application with Dallas County Criminal Court of Appeals
Number 1 to no avail.

 Relator later requested mandamus relief from this Court to direct Dallas County Criminal
Court of Appeals Number 1 to accept his filing, but leave to file was denied pursuant to Padilla v.
McDaniel, 122 S.W.3d 805 (Tex. Crim. App. 2003) (holding when an intermediate appellate court
and this Court have concurrent, original jurisdiction over an application for a writ of mandamus, the
application must first be presented to the court of appeals unless there is a compelling reason not to
do so). Relator then presented his mandamus application to the Court of Appeals for the Fifth
District of Texas in accordance with Padilla, but leave to file was denied in an unpublished
memorandum opinion. In re Terry James, No. 05-11-01343-CV (Tex. App. - Dallas del. Oct. 11,
2011). Relator again seeks mandamus relief from this Court after complying with Padilla.

 Article 11.09 states in pertinent part, "[A] person ... confined on a charge of misdemeanor
... may apply to the county judge of the county in which the misdemeanor is charged to have been
committed...." Tex. Code Crim. Proc. art 11.09. The statute does not limit jurisdiction to cases in
which the applicant is confined. Rather, "[T]he statutory county court at law, and the judges of that
court, [have] the power to issue the writ of habeas corpus when a person is restrained by an
accusation or conviction of misdemeanor." Ex parte Schmidt, 109 S.W.3d 480, 482-83 (Tex. Crim.
App. 2003). 

 The Dallas County Criminal Courts and the Dallas County Criminal Courts of Appeal are
statutory county courts at law. Tex. Gov't Code § 25.0591. Government Code Section 25.0593(a)
states, "A county criminal court in Dallas County has the criminal jurisdiction, original and
appellate, provided by the constitution and law for county courts," and Section 25.0594(a) states, "A
county criminal court of appeals in Dallas County has ... sole jurisdiction in the county of all appeals
from criminal convictions for violation of state law or municipal ordinances ... in justice courts [or]
municipal courts [and] concurrent criminal original and appellate jurisdiction in the county as
provided by the constitution and by law for county courts." 

 Both the Dallas County Criminal Courts and the Dallas County Criminal Courts of Appeal
also have the specific authority to "issue writs of habeas corpus ... for the enforcement of the penal
laws in cases in which the offense charged is within the jurisdiction of the court or any court or
tribunal of inferior jurisdiction." Tex. Gov't Code §§ 25.0593(e), 25.0594 (f); see also Ex parte
Rinkevich, 222 S.W.3d 900, 902 (Tex. App. - Dallas 2007), citing Ex parte Crosley, 548 S.W.2d 409
(Tex. Crim. App. 1977) (recognizing that county courts have original jurisdiction in habeas corpus
proceedings when an attack is made upon the validity of a misdemeanor conviction from a municipal
court). Additionally, Relator indicates in his mandamus application that he filed a writ application
with the City of Dallas Municipal Court. Government Code Section 30.00006(e) states, "The
[municipal] judge ... may issue writs of habeas corpus in cases in which the offense charged is within
the jurisdiction of the court."

 After reviewing Relator's mandamus application and relevant law, it appears to this Court
that Relator may file his Article 11.09 application for a writ of habeas corpus in Dallas County
Criminal Court of Appeals Number 1, which should accept the filing for review and proper
disposition, whether such disposition be by that court or another court of competent jurisdiction to
which the habeas application is transferred. See Ex parte Rinkevich, 222 S.W.3d at 901-903
(discussing writ application initially filed in Dallas County Criminal Court of Appeals being
transferred to Dallas County Criminal Court and jurisdiction was proper). Because there is no record
evidence apart from Applicant's own account of the events that the attempts to file the writ
application were made, leave to file is denied. See Braxton v. Dunn, 803 S.W.2d 318, 320 (Tex.
Crim. App. 1991); Ex parte Empey, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988). Nonetheless,
Dallas County Criminal Court of Appeals No. 1 should accept for filing Relator's Article 11.09
application for a writ of habeas corpus.

Filed: September 12, 2012

Do not publish