

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00139-CR
### NO. 02-13-00140-CR

EX PARTE
BRADLEY HAROLD ANDREWS

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Bradley Harold Andrews of two counts of assault family violence arising from the same criminal episode, and after an agreement between Appellant and the State, the trial court sentenced Appellant to 360 days' confinement in each case, with the sentences running concurrently.[2] This court

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 3.03 (West Supp. 2013); *LaPorte v. State*, 840 S.W.2d 412, 414–15 (Tex. Crim. App. 1992) (holding that a defendant is prosecuted in "a single criminal action" when allegations and proof of multiple offenses arising

dismissed Appellant's appeals from his convictions because he waived his right to appeal as part of his punishment bargain with the State.[3]

A person convicted of a misdemeanor and confined or restrained as a result of that conviction or otherwise subject to collateral legal consequences because of the conviction may challenge the conviction's validity by filing an application for writ of habeas corpus.[4] Appellant filed such applications with the trial court in each case and has now filed a notice of appeal complaining of the trial court's denial of relief on his article 11.09 postconviction application for writ of habeas corpus in each case.

The trial court issued the following findings of fact and conclusions of law supporting the denial of habeas relief in these two cases:

### FINDINGS OF FACT

1. In causes CR-2010-06240-A and CR-2010-06241-A, a jury found Applicant guilty of misdemeanor assault-family violence (*see* Judgments, filed 1-11-12). Following the jury's findings of guilt, Applicant waived his right to appeal in each case in exchange for an agreement with the State on punishment (*see* Waivers of Appeal, filed 1-11-12). The Court's certifications for both cases state that Applicant waived his right to appeal (*see* *Nunc Pro Tunc* Trial Court's Certifications, filed on 4-3-12). The Court assessed Applicant's

---

out of the same criminal episode are presented in one trial or plea proceeding regardless of the number of charging instruments).

[3] *Andrews v. State*, Nos. 02–12–00136–CR, 02–12–00137–CR, 2012 WL 1868736, at *1 & n.2 (Tex. App.—Fort Worth May 24, 2012, no pet.) (mem. op., not designated for publication).

[4] *See* Tex. Code Crim. Proc. Ann. art. 11.09 (West 2005); *Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003); *Ex parte Rinkevich*, 222 S.W.3d 900, 902 (Tex. App.—Dallas 2007, no pet.).

punishment at 360 days in the Denton County Jail in each case (*see* Judgments, filed 1-11-12). Applicant was given credit for 489 days spent in jail (*see* Judgments, filed 1-11-12).

2. Applicant reneged on his agreement not to appeal and filed a *pro se* notice of appeal in each case (*see* Notices of Appeal, filed on 4-2-12). The Fort Worth Court of Appeals dismissed the appeals based on Applicant's waivers (*see* Judgments and Memorandum Opinion, filed 5-30-12).

. . . .

4. Applicant's counsel did file motions for speedy trial, and these motions were granted by the Court with a notation that the cases already had been set for jury trial announcement (*see* Motions for Speedy Trial, filed on 11-18-11; Orders, filed on 11-28-11). A trial by jury was completed on January 11, [2]012 (*see* Judgments, filed 1-11-12).

. . . .

6. Applicant alleges the District Attorney's office coerced witnesses to lie, but he does not identify the witnesses who alleged[ly] lied, how they testified untruthfully, or how prosecutors coerced them into lying (Application at III).

7. Applicant alleges the Fort Worth Court of Appeals committed error in dismissing his appeals, but Applicant did not file a Petition for Discretionary Review with the Texas Court of Criminal Appeals.

8. After reviewing the record in these causes, the Court finds that Applicant's claims against his trial attorney, this Court, the District Attorney's Office, and the Court of Appeals are not credible.

## CONCLUSIONS OF LAW

1. To prevail upon a postconviction writ of habeas corpus application, the applicant bears the burden of proving by a preponderance of the evidence the facts that would entitle him to relief. Alleging mere conclusions without supporting facts will not entitle an applicant to relief.

2.    The writ record here provides no basis to support Applicant's various complaints.

3.    Applicant has not demonstrated that his trial counsel was ineffective under either prong of *Strickland v. Washington*. [Citations omitted.]

We generally review a trial court's denial of relief requested in an article 11.09 application for habeas corpus for an abuse of discretion.[5]  An applicant seeking postconviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief.[6]  We consider the evidence presented in the light most favorable to the habeas court's ruling.[7]  This deferential review applies even when the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony.[8]  We afford almost total deference to a trial court's findings in habeas proceedings, particularly when those

---

[5]*See Ex parte Gutierrez*, No. 02-08-00115-CR, 2008 WL 2330946, at *3 (Tex. App.—Fort Worth June 5, 2008, pet. ref'd) (mem. op., not designated for publication); *Ex parte Redd*, No. 02-07-00047-CR, 2007 WL 1879766, at *1–*2 (Tex. App.—Fort Worth June 28, 2007, no pet.) (mem. op., not designated for publication); *Ex parte Okere*, 56 S.W.3d 846, 857 (Tex. App.—Fort Worth 2001, pet. ref'd).

[6]*Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

[7]*Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert denied*, 549 U.S. 1052 (2006); *Ex parte Benjamin*, No. 02-13-00426-CR, 2013 WL 6198849, at *1 (Tex. App.—Fort Worth Nov. 27, 2013, no pet.) (mem. op., not designated for publication).

[8]*Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006); *Benjamin*, 2013 WL 6198849, at *1.

findings are based upon an evaluation of credibility and demeanor.[9] But we review legal questions de novo.[10]

Appellant complains of 489 days of illegal confinement that occurred before his trial, convictions, and sentences. He also alleges ineffective assistance of counsel during pretrial, trial, and sentencing, as well as other error. To the extent that Appellant raises any complaints related to the 489 days of pretrial confinement, such complaints are moot.[11] Accordingly, we dismiss all his complaints relating to his 489 days of pretrial confinement.[12]

Even though he has already served the sentences in the misdemeanors complained of, those convictions could nevertheless affect Appellant's prospects for

---

[9]*Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); *Benjamin*, 2013 WL 6198849, at *1.

[10]*Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007); *Okere*, 56 S.W.3d at 854.

[11]*See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (citing *Danziger v. State*, 786 S.W.2d 723 (Tex. Crim. App. 1990), for the proposition that when an applicant for habeas corpus relief has been convicted of the underlying offense and is no longer subject to pretrial confinement, the petition complaining of pretrial confinement is moot); *Hubbard v. State*, 841 S.W.2d 33, 33 (Tex. App.— Houston [14th Dist.] 1992, no pet.) (same); *see also Ex parte Sabur*, No. 02-02-00308-CR, 2003 WL 862727, at *1 (Tex. App.—Fort Worth Mar. 6, 2003, no pet.) (mem. op., not designated for publication) (dismissing appeal of denial of relief requested in pretrial application for writ of habeas corpus because a judgment had already been rendered).

[12]*See Martinez*, 826 S.W.2d at 620; *Sabur*, 2003 WL 862727, at *1.

parole from the sentence he is serving for an unrelated burglary conviction.[13] They could also enhance any future family violence assault convictions to felonies.[14] We therefore hold that Appellant's remaining complaints are not mooted by the expiration of his sentences.[15]

Appellant contends that his counsel was ineffective at sentencing, but the only specific complaint he raises relevant to that contention is that his counsel "violated [his] right to appeal through 'malicious abuse of legal process[,]' . . . the manipulation of the 'certification of defendant's right to appeal.'" Appellant alleges that when he signed the certification of his right to appeal in each case, it was marked "defendant has a right to appeal" but that the copy he received "was marked out then checked 'defendant has no right to appeal.'" Neither the original nor the nunc pro tunc certification found in each clerk's record bears out his allegation. They both indicate that Appellant has no appeal, but the original certification bases that conclusion on a plea bargain, and the nunc pro tunc certification bases that conclusion on Appellant's waiver. Furthermore, the appellate rules of procedure

---

[13]*See Andrews v. State*, No. 02-11-00354-CR, 2012 WL 4815519 (Tex. App.—Fort Worth, Oct. 11, 2012, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, 134 S. Ct. 283 (2013); *see also Ex parte Noyola*, 215 S.W.3d 862, 864 (Tex. Crim. App. 2007) ("The fact that Noyola discharged his ten-year sentence does not render his time-credit claim moot . . . because he is still confined under his eighteen-year sentence for burglary of a habitation.").

[14]*See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A) (West Supp. 2013).

[15]*See Ex parte Canada*, 754 S.W.2d 660, 663 (Tex. Crim. App. 1988); *Ex parte Legg*, 571 S.W.2d 930, 931–32 (Tex. Crim. App. 1978).

authorize the filing of an amended certification to correct a "defect or omission in an earlier filed . . . certification."[16] As this court has previously stated,

> We are not deprived of the power to consider an appeal by a trial court's erroneous certification that the defendant does not have the right of appeal, nor are we vested with the power to consider an appeal by virtue of a trial court's erroneous certification that the defendant does have the right of appeal.[17]

Consequently, we hold that Appellant's complaints raising ineffective assistance at sentencing regarding the certification of appeal in each case lack merit.

Appellant also contends that this court's opinion dismissing his direct appeals of his convictions was in error. He argues that his written waivers of appeal filed after the jury verdict but before sentencing are not valid. He further alleges that he did not bargain with the State, or, alternatively, if there was an agreement, it was not binding. No evidence in the records supports the absence of a bargain. The waivers signed the date of sentencing provide,

> I, <u>Bradley H. Andrews</u> [handwritten, "Bradley Andrews" in CR-2010-06240-A], Defendant in the above entitled and numbered cause, acknowledge that I have been found guilty by a jury duly empanelled under the laws of this State [of] the offense of <u>Assault FV</u> [handwritten, "Family Violence" in CR-2010-06240-A]. ***In consideration of the State of Texas forgoing the presentation of their evidence at the punishment phase of my trial and having the judge/jury assess***

---

[16]Tex. R. App. P. 25.2(f).

[17]*Wheeler v. State*, No. 02-06-00008-CR, 2006 WL 496015, at *1 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (mem. op., not designated for publication) (citing *Few v. State*, 136 S.W.3d 707, 711 (Tex. App.—El Paso 2004, no pet.)).

***punishment, I do hereby accept the State's recommended punishment agreed upon by myself after consultation with my attorney. I further freely, voluntarily and intelligently waive my right to appeal any and all matters relating, touching or concerning the offense for which I have been convicted.*** I have been fully informed by the Judge of this Court and by my attorney, that I have the legal right to appeal from this conviction to the Court of Appeals of Texas, and also the right to be represented on appeal by an attorney of my own choice, or if I am too poor to pay for such an attorney or the record on appeal, the Court will, without expense to me, provide me with such an attorney and a proper record for such an appeal. ***With full understanding of the above, I hereby, in open Court, state that I do not desire to appeal and expressly waive my right to appeal in this case.*** [Emphasis added.]

While not the result of a plea bargain, Appellant's waivers were part of a bargain with the State on sentencing. The State gave consideration—it did not present a case in chief in the punishment phase. Accordingly, the waivers are valid.[18]

But our resolution of this issue does not depend on the presence of a bargain. Appellant raises no sentencing complaint (other than the certification issue resolved above) and does not allege that his waivers were coerced or were otherwise involuntary. At the point he executed his waivers of appeal, he would or should have known of any appealable error that had already occurred.[19] Thus, regardless of whether Appellant entered into a bargain or not, we hold that the trial court did not abuse its discretion by denying Appellant's requested habeas relief as to all of his

---

[18] *See Ex parte Broadway*, 301 S.W.3d 694, 697–98 (Tex. Crim. App. 2009).

[19] *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).

8

remaining complaints—ineffective assistance of counsel pretrial and during trial and alleged violations of his rights to a speedy trial, to be heard and to a fair trial—none of which are based on any alleged error occurring after he signed the waivers of appeal.

Because we hold that the trial court did not abuse its discretion by denying habeas relief in either case, we affirm the trial court's order in each case.

PER CURIAM

PANEL:  DAUPHINOT, J.; LIVINGSTON, C.J.; and GABRIEL, J.

LIVINGSTON, C.J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 27, 2014