# NO. 12-15-00196-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID MARK DAVIS II,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

In this original mandamus proceeding, Relator David Mark Davis II requests an order directing the trial court to withdraw his plea of "no contest" to a speeding ticket because, he alleges, the plea was involuntary.[1]  In substance, Relator seeks habeas relief from a final conviction for speeding, a misdemeanor.  *See* TEX. TRANSP. CODE ANN. §§ 542.301(b) (offense under Subchapter C, "Offenses," is misdemeanor unless otherwise specified); 545.351 (statute prohibiting speeding but not designating speeding as a different grade of offense).  However, this court does not have original habeas jurisdiction in criminal cases.  *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.–Amarillo 2002, pet. ref'd).  Therefore, we must dismiss Relator's petition for writ of mandamus.

But even if we could consider the merits of Relator's request for mandamus relief, he could not prevail.  To be entitled to mandamus relief in a criminal case, a relator must establish that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  A person convicted of a misdemeanor and confined or restrained as a result of that

---

[1] Following Relator's plea, the trial court found him guilty and fined him $75.00.  He appealed to this court, but the appeal was dismissed for want of jurisdiction.  *See generally* No. 12-14-00296-CR, 2015 WL 3484844 (Tex. App.–Tyler May 29, 2015, no pet.).  Relator did not file a motion for rehearing in this court, and his deadline for filing a petition for discretionary review in the court of criminal appeals has passed.  *See* TEX. R. APP. P. 68.2(a).

conviction or otherwise subject to collateral legal consequences because of the conviction may challenge the conviction's validity by filing an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.09 (West 2005); ***Ex parte Schmidt***, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003); ***Ex parte Rinkevich***, 222 S.W.3d 900, 902 (Tex. App.–Dallas 2007, no pet.). Relator does not address the availability of this remedy in his mandamus petition. Therefore, based upon the record before us, Relator would be unable to satisfy the first prerequisite to mandamus.

Because this court has no original habeas jurisdiction in criminal cases, we ***dismiss*** Relator's petition for writ of mandamus for want of jurisdiction.

Opinion delivered August 12, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 12, 2015**

**NO. 12-15-00196-CR**

**DAVID MARK DAVIS II,**
Relator
v.
**HON. DEREK C. FLOURNOY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **DAVID MARK DAVIS II**, who is the relator in Cause No.14-1048, pending on the docket of the County Court at Law No. 2 of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on August 5, 2015, and the same having been duly considered, because it is the opinion of this Court that this court does not have jurisdiction to issue a writ of mandamus in this proceeding and that it should be dismissed for want of jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*