**Opinion issued September 3, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00509-CR

———————————

## EX PARTE JAN HEILBUT, Appellant

On Appeal from the County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Case No. 2254068

## MEMORANDUM OPINION

The State appeals the trial court's order that granted habeas relief and ordered a new trial. In three issues, the State argues that the trial court erred in granting habeas relief because (1) the applicant failed to plead sufficient facts to invoke the trial court's habeas jurisdiction and (2) the applicant's claims of judicial

bias and violations of article 38.05 were not cognizable on writ of habeas corpus and should have been raised on direct appeal.

We reverse.

## Background

In 2015, the State charged Heilbut by information with interfering with a police service animal. A jury found Heilbut guilty of the offense, and the trial court assessed punishment at confinement for three days and a $3,000 fine. Heilbut appealed to this Court, raising two points of error: (1) the trial court erred in denying Heilbut's motion to quash and (2) the trial court erred in admitting photographs. This Court affirmed the conviction on October 12, 2017. *See Heilbut v. State*, No. 01-16-00652-CR, 2017 WL 4545878, at *4 (Tex. App.— Houston [1st Dist.] Oct. 12, 2017, pet. ref'd) (mem. op., not designated for publication). We issued our mandate on February 16, 2018.

On February 19, 2019, Heilbut filed an application for writ of habeas corpus in the trial court,[1] arguing in two issues that: (1) his rights to a fair trial were abrogated by the conduct of the trial court and (2) the trial court's comments during trial violated article 38.05 of the Texas Code of Criminal Procedure.[2] The

_____

[1]  *See* TEX. CODE CRIM. PROC. art. 11.09.

[2]  Article 38.05 provides, "In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any

2

State answered, arguing that the trial court lacked jurisdiction because Heilbut was not actually confined and that his claim of right to fair trial and alleged violations of article 38.05 should have been raised on direct appeal. Even if Heilbut's claims were considered, the State argued that they were meritless.

Heilbut responded to the State's answer, admitting that he was not confined but nevertheless was restrained because his "conviction constitutes a restraint and he has absolute right to challenge the validity of that conviction."

On June 11, 2019, the trial court granted habeas relief and ordered that the August 9, 2016 judgment be vacated and that a new trial be granted. The State filed its notice of appeal pursuant to article 44.01 on June 25, 2019.[3]

## Collateral Consequences

In its first issue, the State argues that Heilbut failed to plead sufficient facts to invoke the trial court's jurisdiction. Specifically, the State argues that Heilbut neither alleged, nor proved that he suffered collateral legal consequences as a result of his misdemeanor conviction.

---

stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." *See* TEX. CODE CRIM. PROC. art. 38.05.

[3] Article 44.01 provides that the State may appeal an order that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1).

3

## A. Standard of Review

An applicant seeking misdemeanor post-conviction habeas corpus relief must establish entitlement to such relief by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *Ex parte Pinnock*, No. 14-17-00591-CR, 2018 WL 2106615, at *1 (Tex. App.—Houston [14th Dist.] May 8, 2018, no pet.) (mem. op., not designated for publication). Appellate courts review a trial court's ruling on an application for writ of habeas corpus under an abuse-of-discretion standard of review. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). "A trial court abuses its discretion when its ruling is arbitrary or unreasonable." *Gaytan v. State*, 331 S.W.3d 218, 223 (Tex. App.—Austin 2011, pet. ref'd). But a trial court does not abuse its discretion if its ruling lies "within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *see Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). Under that standard, appellate courts "review the record evidence in the light most favorable to the trial court's ruling." *Kniatt*, 206 S.W.3d at 664.

"The trial court sits as the fact finder in a habeas proceeding brought under article 11.09." *Ex parte Pinnock*, 2018 WL 2106615, at *2. "In such cases, the habeas court is the sole judge of witness credibility, and we will not disturb its ruling absent a clear abuse of discretion." *Id.* "The habeas court may accept or reject any or all of any witness's testimony, even if that testimony is

4

uncontroverted." *Id.* Similarly, a trial court is "free to believe" or "free to disbelieve" an affidavit attached to a habeas application. *See Ex parte Scott*, 541 S.W.3d 104, 117 n.13 (Tex. Crim. App. 2017). Appellate courts "imply all findings of fact that are necessary to support the habeas court's ruling" and "defer to the habeas court's implied . . . findings of fact that are supported by the record." *Ex parte Pinnock*, 2018 WL 2106615, at *2.

"For a county court at law to have habeas jurisdiction under the Texas Constitution, an applicant's liberty must be restrained." *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). "A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either (i) confined or restrained as a result of a misdemeanor charge or conviction or (ii) is no longer confined, but is subject to collateral legal consequences resulting from the conviction." *Ex parte Rinkevich*, 222 S.W.3d 900, 902 (Tex. App.—Dallas 2007, no pet.); *see also Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010) (explaining that showing of collateral consequences establishes "confinement"); *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that habeas applicant must establish that collateral legal consequences resulted from her Texas misdemeanor convictions); *State v. Collazzo*, 264 S.W.3d 121, 125–26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (stating that

defendant may attack misdemeanor conviction provided he is confined, restrained, or subject to collateral legal consequences resulting from conviction he attacks).

The word "confined" refers not only to the "actual, corporeal and forcible detention of a person," but also to "any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." TEX. CODE CRIM. PROC. art. 11.21. The statute uses the word "restraint" to mean "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM. PROC. art. 11.22. A person who is not confined but is suffering some collateral consequence as a result of his conviction may seek habeas corpus relief. *See Ex parte Harrington*, 310 S.W.3d at 457–58 (holding that adverse consequences to applicant's present and future employment opportunities constitute confinement); *Collazo*, 264 S.W.3d at 126–27 (holding that denial of opportunity to obtain Texas peace officer license constitutes confinement); *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (holding that denial of entry into military constitutes confinement or restraint).

## B. Analysis

The record reflects that at the time Heilbut filed his application for writ of habeas corpus, Heilbut was not confined.[4] Thus, Helibut had to establish that he was subject to collateral legal consequences. *See Ex parte Rinkevich*, 222 S.W.3d at 902. In his application, Heilbut made no mention of being subjected to collateral legal consequences. The State's answer to Heilbut's habeas application raised the issue that Heilbut was neither confined, nor restrained. The State further argued that the trial court lacked jurisdiction to consider the application for writ of habeas corpus because Heilbut had neither alleged, nor proved that he suffered collateral legal consequences as a result of his misdemeanor conviction.

After the trial court gave Heilbut an opportunity to respond to the State's jurisdictional argument, Heilbut responded that he was neither confined nor restrained, and "[t]he fallacy of the State's argument reflects it's cavalier review of the trial judge's comments and conduct to suggest that they did not impact the jury's consideration of the evidence and the resulting conviction." Heilbut also argued that restraint has been construed broadly, and "[t]his is a case where the trial court harassed and belittled trial counsel in front of the jury. The State wants this court to sanction that conduct. Clearly, the fact of Applicant's conviction

---

[4]  Heilbut's response to the State admitted that he was not confined as defined by the statute but he has been restrained by virtue of his conviction.

7

constitutes a restraint and he has [the] absolute right to challenge the validity of that conviction."

Heilbut's response to the trial court did not meet his burden to prove that he was confined or restrained or subject to any collateral consequences as a result of his misdemeanor conviction. Heilbut failed to include factual allegations within his application or response to the State's answer regarding his confinement or restraint, and he did not provide evidence at the habeas hearing to establish that he was then confined or restrained or subject to any collateral legal consequences as a result of the misdemeanor conviction. *See, e.g.*, *Tarvin v. State*, No. 01–08–00449–CR, 2011 WL 3820705, at *3 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op., not designated for publication) (concluding defendant invoked trial court's habeas jurisdiction when prior misdemeanor conviction used to enhance subsequent misdemeanor offense to third-degree felony offense); *Ex parte Wolf*, 296 S.W.3d 160, 166–67 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (concluding that applicant's inability to obtain employment in banking and securities industry constitutes collateral consequences); *Collazo*, 264 S.W.3d at 126–27 (concluding that applicant who was denied opportunity to obtain Texas peace officer license is confined); *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (concluding that applicant who was denied entry into military as result of prior misdemeanor conviction was

8

sufficiently confined to authorize application for writ of habeas corpus).

Accordingly, we conclude that the trial court abused its discretion in granting

habeas relief because Heilbut failed to present any evidence to establish that he

was subject to collateral legal consequences.

We sustain the State's first issue.

## Direct Appeal

In its second and third issues, the State argues that Heilbut's habeas

complaints are not cognizable and should have been raised in his direct appeal.

Heilbut's habeas application argued that the trial judge who presided over

the underlying trial was biased and that the trial court violated article 38.05 of the

Texas Code of Criminal Procedure. The State's answer to the application pointed

out that Heilbut's complaints were not cognizable because they were not asserted

in his direct appeal.

Habeas corpus may not be used to bring claims that could have been brought

on direct appeal. *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004).

As the Texas Court of Criminal Appeals has held,

> The Great Writ should not be used in matters that should have
> been raised on appeal. Even a constitutional claim is forfeited
> if the applicant had the opportunity to raise the issue on appeal.
> This is because the writ of habeas corpus is an extraordinary
> remedy that is available only when there is no other adequate
> remedy at law. There was nothing to prevent the applicant from
> raising this claim on direct appeal. He had an adequate remedy

> at law. Because the applicant did not raise the issue on direct appeal, the applicant has forfeited his claim.

*Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004).

After the jury found him guilty of interfering with a service animal, Heilbut appealed his conviction to this Court. In his direct appeal, Heilbut did not attempt to assert the complaints he now raises in his habeas application. *See Heilbut*, 2017 WL 4545878, at *1. In this State's appeal, Heilbut asserts that his habeas complaints, had they originally been raised on direct appeal, would have been "perhaps rejected" because no objections were made to the trial court's conduct, Heilbut did not testify at the motion for new trial hearing, and Heilbut lacked affidavits from himself and his counsel at trial. We cannot speculate as to how this issue would have been resolved on direct appeal, but we can say that Helibut's habeas complaints could have been raised during trial, post-trial, and on direct appeal. By not raising these complaints in his direct appeal, Heilbut forfeited the complaints. *Ex parte Townsend*, 137 S.W.3d at 81. We therefore hold that the trial court abused its discretion in granting habeas relief.

We sustain the State's second and third issues.

## Conclusion

We reverse the trial court's judgment and render judgment denying habeas corpus relief and ordering that the prior judgment entered on August 9, 2016, in cause number 2076524, County Criminal Court at Law No. 6, Harris County, Texas, shall remain in effect.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Countiss.

Do not publish. *See* TEX. R. APP. P. 47.2(b).