**Reverse and Render and Opinion Filed April 2, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**Nos. 05-23-00897-CR**

**05-23-00905-CR**

**EX PARTE THE STATE OF TEXAS**

**On Appeal from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. MC23A0366, MC23A0351**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Nowell

We withdraw our prior opinion and judgment in case 05-23-00897-CR dated March 11, 2023, and substitute the following opinion and judgment in its place.

The State appeals the trial court's order granting the relief requested in the applications for writ of habeas corpus filed by Rosemarie Flores. The State contends (i) the trial court abused its discretion when it considered the merits of appellee's applications because it lacked jurisdiction to do so, (ii) the trial court erred in finding laches did not bar appellee's claims, and (iii) the trial court erred in granting appellee's applications because appellee failed to prove by a preponderance of the evidence that her pleas were involuntary. For the reasons that follow, we conclude

the trial court abused its discretion in granting appellee's requested relief because the writ applications are barred by the equitable doctrine of laches. We reverse the trial court's order and render a judgment denying appellee's applications for habeas relief.

## I. BACKGROUND FACTS

On February 1, 1996, appellee Rosemarie Flores entered negotiated pleas of nolo contendere to two Class B misdemeanor offenses of prostitution and was sentenced to thirty days in county jail in each case. Appellee did not appeal her convictions. Twenty-seven years later, in March 2023, appellee filed applications for a writ of habeas corpus challenging the convictions in each case.

In her applications, appellee alleged that her pleas in the underlying misdemeanor cases were "involuntary and the result of ineffective assistance of counsel." Specifically, appellee alleged that her court-appointed attorney, who she did not identify in the applications, did not visit with her or admonish her until the day she entered her pleas, did not explain the waivers she was making by entering her pleas, did not admonish her on the collateral consequences of her pleas, did not admonish her that the cases would remain on her record, and "made no serious effort to obtain deferred adjudication or community supervision" for her. Appellee further alleged that counsel's representation was inadequate because he failed to advise her "as to other collateral consequences of a conviction, such as a bar to certain state licenses, exclusion from certain jobs and exclusion from certain professional

–2–

schools. He also failed to admonish her about the moral consequences of having a prostitution conviction on her record."

The trial court held a hearing on appellee's applications. Appellee testified that she was presently employed as a "paralegal/office manager" for her writ counsel, Vickers Cunningham, and has been a legal assistant in writ counsel's office since April 19, 2019. Further, appellee testified that she had obtained her bachelor's degree and wished to attend the "University of North Texas Law School," but she could not sit for the bar examination because her 1996 misdemeanor convictions were for crimes involving moral turpitude. During the hearing, appellee provided no testimony that she was unaware of the waivers that would result from entering pleas of guilty/nolo contendere.

At the conclusion of the hearing, the trial court made the following ruling:

> The Court is finding that there is sufficient collateral damage in this case and denying the claim of laches by the State. And the Court is finding that the [appellee's] pleas at the time were involuntary because the attorney — there is uncontradicted evidence that the [appellee] was not aware of what all of her options were.

> But, even though Mr. Fitzenhagen was not required by law to inform her, the Court is finding that the pleas entered were not made knowingly and intelligently. And, thereby, they were involuntary, because of her not knowing all of her options.

> You know, and personally, when I heard your client testifying, I thought, well, just because she would have been unaware of those options doesn't mean that she would have taken advantage of them. But that's not the point of the law. The law is, bottom line, is she wasn't even given the opportunity to reject it.

The trial court entered a written order in each case granting habeas relief on the basis that appellee's pleas were involuntary due to the ineffective assistance of her counsel.

## II. THE TRIAL COURT HAD JURISDICTION TO CONSIDER APPELLEE'S WRIT OF HABEAS CORPUS APPLICATIONS.

Initially, we address the State's claim the trial court lacked jurisdiction to consider appellee's writ applications. Specifically, the State argued that because appellee failed to show she was confined, restrained, or subject to any collateral consequence as a result of her misdemeanor convictions, the trial court lacked jurisdiction to address her writ applications. We disagree.

### A. Standard of Review

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.–Austin 2012, pet. ref'd).

### B. Applicable law

To prevail on a postconviction writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle

–4–

him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). Habeas corpus is a remedy available to applicants who are "restrained in their liberty." *See* TEX. CODE CRIM. PROC. ANN. art. 11.01. A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if she is either (1) confined or restrained as a result of a misdemeanor charge or conviction or (2) is no longer confined but is subject to collateral legal consequences resulting from the conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09; *Ex parte Rinkevich*, 222 S.W.3d 900, 902 (Tex. App.–Dallas 2007, no pet.). The word "confined" refers not only to the "actual, corporeal and forcible detention of a person," but also to "any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another[] and detains him within certain limits." TEX. CODE CRIM. PROC. ANN. art. 11.21. The statute uses the word "restraint" to mean "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM. PROC. ANN. art. 11.22. Thus, the concept of "restraint" justifying the remedy of habeas corpus is broader than actual physical restraint; it encompasses not only confinement or physical custody, but also current and potential collateral consequences resulting from a conviction. *Ex parte Harrington*, 310 S.W.3d 452, 457–58 (Tex. Crim. App. 2010). Therefore, a person who is not in actual physical custody but is suffering some collateral consequence as a result of her conviction

may seek habeas corpus relief. *See id.* (holding adverse consequences to applicant's present and future employment opportunities constitute confinement); *State v. Collazo*, 264 S.W.3d 121, 126–27 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding denial of opportunity to obtain a Texas peace officer license constitutes confinement); *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (holding denial of entry into the military constitutes confinement or restraint).

C.     **Analysis**

Appellee discharged her sentences in these cases approximately twenty-seven years before she filed her writ of habeas corpus applications. Thus, she was required to prove she was suffering from collateral consequences related to her convictions to confer jurisdiction upon the trial court to consider the merits of her application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.23. In her writ application and at the hearing on her writ application, appellee presented evidence that her misdemeanor convictions would prevent her from sitting for the Texas Bar Examination. Accordingly, appellee suffers potential future consequences arising from her 1996 misdemeanor convictions. We agree with the trial judge's finding that appellee is "confined" for purposes of Texas Code of Criminal Procedure article 11.09. Therefore, we hold the trial court had jurisdiction to consider the merits of appellee's claim. *Harrington*, 310 S.W.3d at 457–58. We overrule the State's first issue.

## III. THE DOCTRINE OF LACHES BARS APPELLEE'S RELIEF.

In its second issue, the State argues the trial court erred in granting appellee's applications for writs of habeas corpus because the doctrine of laches bars her request for relief.[1] Based on the length of the appellee's delay in filing the applications—twenty-seven years—and appellee's failure to provide any reason for her delay, and because the passage of twenty-seven years severely prejudices the State in its ability to retry these cases, we agree the equitable doctrine of laches bars appellee's request for relief.

### A. Applicable law

The equitable doctrine of laches refers to a party's failure to assert a claim which, along with the lapse of time and other circumstances causing prejudice to the adverse party, bars the claim. *Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013). The trial court considers the totality of the circumstances, including all forms of prejudice, when deciding whether to apply the doctrine of laches. Id. at 208. Since the decision in *Perez*, the State need not make a particularized showing

---

[1]Appellee argues the State elected not to bring the issue of laches before the trial court. We disagree. The State asserted that the doctrine of laches applies to the facts of this case in both its briefing to the trial court and to this Court. Moreover, the trial court rejected the State's laches defense in its oral pronouncement granting appellee's requested relief.

Even if the State failed to raise the issue of laches, this Court could consider whether laches should bar appellee's habeas claims. The State does not waive a laches defense to an application for writ of habeas corpus by failing to raise the defense in the habeas court. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014). The Court of Criminal Appeals reasoned that habeas is governed by the elements of equity and fairness, and those elements require a consideration of unreasonable delay. *Id.*

of prejudice. *Id.* at 215. Rather, the trial court may consider "anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant[.]" *Id.* "[T]he longer a case has been delayed, the more likely it is that the reliability of a retrial has been compromised." *Id.* at 218. This includes "the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Id.* at 216.

It may be proper for a reviewing court to consider, among all relevant circumstances, factors such as the length of the applicant's delay in filing the application, the reasons for the delay, and the degree and type of prejudice resulting from the delay. *Id.* at 217. No single factor is necessary or sufficient. *Id.* Instead, courts must "engage in a difficult and sensitive balancing process" that takes into account the parties' overall conduct. *Id.* In considering whether prejudice has been shown, a court may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial. *Id.* If prejudice to the State is shown, a court must then weigh that prejudice against any equitable considerations that militate in favor of granting habeas relief. *Id.*

The degree of proof required is a "sliding scale." *Id.* at 217. That is, the extent of the prejudice the State must show bears an inverse relationship to the length of the applicant's delay. *Id.* The longer the delay, particularly when the delay exceeds five years after conclusion of direct appeals, the less evidence the State must present

to demonstrate prejudice. *Id.* at 215. "[D]elays of more than five years may generally be considered unreasonable in the absence of any justification for the delay." *Id.* at 216 n.12.

### B.    Analysis

Appellee's habeas applications were filed more than twenty-seven years after her pleas of guilty/nolo contendere to the prostitution charges. Yet, appellee failed to provide any explanation for her delay in asserting that her pleas were involuntary due to ineffective assistance of counsel. Further, appellee made no complaint about counsel's representation until she filed the habeas applications. And appellee's claims are not based on new facts or new laws that would excuse the twenty-seven-year delay in raising these issues.

In its response to appellee's applications, the State demonstrated that the passage of twenty-seven years has severely prejudiced its ability to retry these cases. The State provided evidence that the State's and the trial court's files were destroyed pursuant to local retention policies for misdemeanor cases. *See Ex parte Roberts*, 494 S.W.3d 771, 776–77 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (concluding State had been prejudiced by delay in seeking habeas relief in part because, during the intervening time period, both State and trial counsel had "lost or destroyed relevant evidence"). The docket sheets, plea bargain documents, and judgments no longer exist, and there is no transcript of the plea hearing. Additionally, even if appellee had identified the appointed attorney about whom she

complains in her applications to the habeas court, it is unlikely that counsel would have been able to recall the details of appellee's pleas or have sufficient recollection of the representation of appellee—twenty-seven years ago—to respond to appellee's ineffective assistance claims.

We hold the record does not support the grant of equitable relief in light of applicant's failure to assert her rights for twenty-seven years. *See Perez*, 445 S.W.3d at 727. Under the above discussed case law, as applied to the record before this court, we conclude the trial court abused its discretion in granting appellee's requested relief because the writ applications are barred by the equitable doctrine of laches. Accordingly, we sustain the State's second issue. Because this Court's ruling on appellee's second issue is dispositive of this appeal, we need not address the State's third issue.

## IV.   CONCLUSION

Having found the writ applications are barred by the equitable doctrine of laches, we reverse and render a judgment denying appellee's applications for habeas relief.

230897f.u05
230905f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE THE STATE OF
TEXAS

No. 05-23-00897-CR

On Appeal from the County Criminal
Court No. 6, Dallas County, Texas
Trial Court Cause No. MC23A0366.
Opinion delivered by Justice Partida-Kipness. Justices Nowell and Smith
participating.

We vacate this Court's March 11, 2024 judgment and substitute this judgment. Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and **we RENDER judgment denying appellee's applications for habeas relief.**

Judgment entered this 2nd day of April, 2024.

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE THE STATE OF TEXAS

No. 05-23-00905-CR

On Appeal from the County Criminal Court No. 6, Dallas County, Texas Trial Court Cause No. MC23A0351. Opinion delivered by Justice Partida-Kipness. Justices Nowell and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and **we RENDER judgment denying appellee's applications for habeas relief.**

Judgment entered this 2nd day of April, 2024.